THOMAS E. BROWN *et al.*, Plaintiffs-Appellants, v. ILLINOIS POWER COMPANY, Defendant-Appellee.

Fifth District    No. 5—94—0542

Opinion filed March 24, 1995.

Robert W. Bosslet, Jr., and Clarence W. Harrison II, both of Morris B. Chapman & Associates, Ltd., of Granite City, for appellants.

Carl W. Lee and Mark R. Kurz, both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

On August 17, 1993, plaintiffs filed their amended complaint in the circuit court of St. Clair County. On September 22, 1993, defendant filed its motion to dismiss or, in the alternative, motion to transfer to Randolph County based upon the doctrine of *forum non conveniens*. On July 11, 1994, the court entered its order transferring the cause from St. Clair County to Randolph County, "finding no private nor public interest factors (except the selection of health care providers located in St. Clair County, which should be given little weight) which favor venue/trial of this cause in St. Clair County," and further "finding Randolph County is the most appropriate forum." Plaintiff appeals from that decision pursuant to Illinois Supreme Court Rule 306(a)(ii). (134 Ill. 2d R. 306(a)(ii).) We reverse.

The facts of this case are as much about geography as about law. The plaintiff, Thomas Brown, was injured at his place of employment, the Baldwin, Illinois, power plant in Randolph County. The

plant is approximately 23 miles from the Randolph County courthouse and 25 miles from the St. Clair County courthouse. The plaintiffs live in New Athens, Illinois, 18 miles from the St. Clair County courthouse and 36 miles from the Randolph County courthouse. The plaintiffs reside three blocks into Monroe County from the St. Clair County line, which divides the town of New Athens. The defendant owns the power plant in question and provides electrical power service to the residents of St. Clair, Randolph, and Monroe Counties.

At the time of the trial court's order transferring this cause from St. Clair County to Randolph County, some limited discovery had occurred. Of the occurrence witnesses identified in discovery, none reside in Randolph County, and all reside closer to Belleville, Illinois, than Chester, Illinois. Of all the medical witnesses identified in discovery, none reside in Randolph County, and none are more convenient to Chester, Illinois, than Belleville, Illinois. The Twentieth Judicial Circuit includes the counties of St. Clair, Monroe, Randolph, Perry, and Washington, whose county seats are Belleville, Waterloo, Chester, Pinckneyville, and Nashville, Illinois, respectively.

It is clear in Illinois that the doctrine of *forum non conveniens* is an equitable doctrine that "was designed to give the courts 'discretionary power which should be exercised *only in exceptional circumstances* when it has been shown that the interests of justice require a trial in a more convenient forum.' (Emphasis added.)" (*Peile v. Skelgas, Inc.* (1994), 163 Ill. 2d 323, 335, quoting *Torres v. Walsh* (1983), 98 Ill. 2d 338, 346, 456 N.E.2d 601, 605.) The only issue for our consideration in this appeal is whether the circuit court abused its discretionary power in transferring this case.

Our supreme court continues to emphasize that an essential consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum. " 'A plaintiff's right to select the forum is a substantial one, and unless the factors weigh strongly in favor of transfer, "the plaintiff's choice of forum should rarely be disturbed." ' " (*Peile*, 163 Ill. 2d at 337, quoting *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 106, 554 N.E.2d 209, 211.) This right of plaintiff diminishes, but is not terminated, by the fact that plaintiff's choice is neither plaintiff's residence nor the situs of the accident. (*Peile*, 163 Ill. 2d at 337-38.) In this case, although plaintiffs do not reside in their chosen forum, they do reside virtually on the boundary of the chosen forum. And further, even though the plaintiffs' choice of forum is not the situs of the accident, that situs is in Randolph County and yet almost as close to the St. Clair County courthouse as it is to the Randolph County courthouse.

In the case at bar we must ask ourselves what factors strongly favor the change in forum required by the trial court's order? As we stated above, the situs of the accident is no more convenient to the Randolph County courthouse than it is to the St. Clair County courthouse. No occurrence witness is described in any discovery available to the trial court which makes Randolph County a more convenient forum. In fact, all the witnesses described in the discovery process will find St. Clair County at least as convenient as Randolph County. These are private-interest factors which are required to be considered in order to make the trial of a case easy, expeditious, and inexpensive. (*Peile*, 163 Ill. 2d at 337.) The other factors that need consideration, the public-interest factors, "include having localized controversies being decided in the local forum, administrative concerns, including the congestion of court dockets, and the imposition of jury duty upon the residents of a county with little connection to the litigation." *Peile*, 163 Ill. 2d at 337.

Randolph County, the situs of the accident, Monroe County, the plaintiffs' residence, and St. Clair County, the plaintiffs' chosen forum, are all part of the five-county Twentieth Judicial Circuit. The court administration of this circuit is conducted by the chief judge thereof, whose offices are in the St. Clair County courthouse. The defendant serves all three counties and their citizens with electrical power that is presumably produced where the accident occurred. It is clearly erroneous to conclude that there are no private- or public-interest factors which favor St. Clair County, as the trial court concluded.

However, what is more dispositive of this appeal than all the above considerations is the fact that the trial court improperly burdened plaintiffs with the duty to prove that their choice of forum is more convenient. The true burden is upon the defendant to clearly establish such factors that weigh so strongly in favor of transfer that the plaintiffs' right to select the forum should be disturbed. (*Griffith*, 136 Ill. 2d 101, 554 N.E.2d 209.) To justify a transfer of this cause from St. Clair County to Randolph County, the trial court was required to find that Randolph County was clearly more convenient to the parties and the public. The facts of this case do not support this finding, and the transfer was an abuse of discretion.

For the foregoing reasons, we reverse the order of the trial court transferring this cause from St. Clair County to Randolph County.

Reversed.

MAAG, P.J., and GOLDENHERSH, J., concur.