VALERIE TURNER, as Special Adm'r of the Estate of Cole Turner, Plaintiff-Appellee, v. RICHARD JARDEN *et al.*, Defendants-Appellants.

Fifth District    No. 5—93—0154

Opinion filed October 18, 1995.

Robert W. Wilson and Michael D. Bean, both of Evans & Dixon, of Edwardsville, for appellants.

L. Thomas Lakin, Patricia A. Zimmer, and Gail G. Renshaw, all of The Lakin Law Firm, P.C., of Wood River, for appellee.

PRESIDING JUSTICE MAAG delivered the opinion of the court:

On January 6, 1991, Cole Turner was injured in a one-car automobile accident on Route 159 in Macoupin County, approximately one-half mile north of the Madison County line. Valerie

Turner, the decedent's wife and special administrator of the estate of Cole Turner, filed a complaint in the circuit court of Madison County on January 30, 1992, seeking recovery against the defendant, Richard Jarden, for negligence and wrongful death. The complaint alleged that a water hydrant located on Richard Jarden's property, part of which extends into Madison County, was left open causing water to run down the property and accumulate and freeze on Route 159. Plaintiff's complaint alleged that the decedent was driving in a southerly direction when the vehicle that he was driving crossed the ice and water flowing from defendant's property, causing him to slide off of the roadway and roll several times before coming to a stop. The accident occurred in front of property leased by Jarden Farms, and the decedent sustained serious injuries. Decedent was immediately taken to Alton Memorial Hospital, located in Madison County, for treatment. Decedent was then transferred to a hospital in St. Louis, Missouri. As a result of the decedent's injuries, he died on January 7, 1991. Defendant filed a motion to dismiss for improper venue or, in the alternative, a motion to transfer venue to Macoupin County pursuant to the doctrine of *forum non conveniens*. On October 23, 1992, plaintiff filed an amended complaint adding the following additional defendants: Maurice Jarden, Charles Jarden, Joseph Jarden, James Jarden, John Jarden, Steven Jarden, and David Jarden, individually (the codefendants), and as a partnership, Jarden Farms. On December 8, 1992, the codefendants filed a motion to transfer venue to Macoupin County. On February 8, 1993, the circuit court denied defendants' motion to dismiss, finding that venue was proper because a portion of the partnership's farming operations is located in Madison County. Following further discovery, the circuit court denied the motions to transfer on *forum non conveniens* grounds after weighing the public- and private-interest factors, finding that they did not strongly favor the defendants. The defendants appeal.

The relevant facts are as follows: Jarden Farms is a partnership engaged in the business of raising cattle, growing crops for cattle feed, dairy operations, and trucking operations. Richard Jarden retired in 1983 and since that time has not been a partner in Jarden Farms. The partnership leases four tracts of land from Richard. Three of them are as follows: the old dairy farm, consisting of 200 acres; the 120 acres next to the old dairy farm; and 27 acres on the other side of Molton Road. All three pieces of property are located in Macoupin County, Illinois. The partnership also leases from Richard a 100-acre parcel that is located in Madison County, Illinois. The partnership uses several acres that are owned by one or more of the brothers or the partnership, amounting to approximately 1,753 acres.

Of this land, approximately 140 to 160 acres are located in Madison County. The partnership used the 140 to 160 acres located in Madison County for growing grain to feed cattle. Some barn and silo buildings are located on the property in Madison County also.

The defendants claim that the circuit court committed reversible error in denying defendants' motion to dismiss or transfer the case to Macoupin County for lack of proper venue. We disagree.

■ For purposes of venue, the residence of a partnership is as follows:

"§ 2—102. Residence of corporations, voluntary unincorporated associations and partnerships defined. For purpose of venue, the following definitions apply:
\*\*\*

(b) A partnership sued in its firm name is a resident of any county in which any partner resides or in which the partnership has an office *or is doing business.*" (Emphasis added.) (735 ILCS 5/2—102(b) (West 1992).)

Plaintiff, citing *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 329, 368 N.E.2d 88, 92, does not dispute the principle espoused by the defendants that quantitatively more business activity is required for venue than for jurisdiction. In *Mosele*, the court held that it would be a distortion of the plain meaning of the words of the venue statute to hold that a corporation is "doing business" within any county with which it has even minimal contacts. (*Mosele*, 67 Ill. 2d at 329, 368 N.E.2d at 92.) Although the *Mosele* court did not state exactly what is required to satisfy the "doing business" provision in the venue statute, it did state that the defendant must be "conducting its usual and customary business within the county in which venue is sought." (*Mosele*, 67 Ill. 2d at 329, 368 N.E.2d at 92.) The activity must be of such a nature so as to localize the business and make it an operation within the district. *Mosele*, 67 Ill. 2d at 330, 368 N.E.2d at 92.

■ In the instant case, the partnership owns and leases approximately 140 to 160 acres in Madison County. These properties are used to grow grain to feed the cattle that supply the milk for the defendants' dairy business. Raising a grain crop for this purpose is not merely incidental to other activities that keep the partnership in business. It appears to be an integral part of the defendants' dairy production.

Furthermore, the defendants argue that the partnership activities are not "localized" within Madison County because the partnership owns and leases substantially more property in Macoupin County than in Madison County, in addition to the fact that the

partnership office and the dairy cattle are located in Macoupin County. We disagree.

The venue statute does not impose any minimum requirements with respect to percentages of property located within the county. The fact is that just because the defendants own and lease substantially more property in Macoupin County than in Madison County does not negate the fact that 140 to 160 acres in Madison County are used to grow grain in order to feed the dairy cattle. We believe that this is more than sufficient to show that the defendants are "doing business" in Madison County.

Although plaintiff gives an alternative reason why venue is proper in Madison County, we need not address this argument due to the foregoing analysis.

The defendants also claim that the circuit court abused its discretion in denying the defendants' motions to transfer the case to Macoupin County pursuant to the doctrine of *forum non conveniens* because all relevant factors strongly favor the transfer of this case to Macoupin County.

■ Plaintiff's response to the defendants' *forum non conveniens* motions states that plaintiff's decedent was employed as a laborer for a number of years at the Alton Lock and Dam 26 site, that the decedent was employed at Brighton Painting, located in South Roxana, and that the decedent worked as a carpenter out of Alton Local 773. These statements by the plaintiff are not disputed. A court can take judicial notice of the location of county boundary lines. (*People v. Hanson* (1985), 138 Ill. App. 3d 530, 539, 485 N.E.2d 1144, 1151.) Therefore, we take judicial notice of the fact that all three of the decedent's employment locations were within the boundaries of Madison County, Illinois.

■ The fact that the decedent was employed in Madison County is important because in *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 371-72, 456 N.E.2d 98, 104, the Illinois Supreme Court stated that if Illinois had any connection with the litigation such as (1) the situs of the accident or (2) the residence of the plaintiff or (3) the *decedent's employment* or (4) the principal place of business of the defendant, it would have an interest in providing a forum in which to resolve the dispute. Although we recognize that *Wieser* is an interstate *forum non conveniens* case, this is a distinction without a difference. In *Torres v. Walsh* (1983), 98 Ill. 2d 338, 350, 456 N.E.2d 601, 607, the Illinois Supreme Court, recognizing intrastate *forum non conveniens* for the first time, held:

> "While the doctrine has since been recognized and applied in interstate cases we feel we should recognize that the rationale

underlying such applications is as valid on an intrastate as it is on an interstate basis. If the reasons for applying the doctrine in certain interstate situations are good ones and in the best interest of justice, and we believe they are, then such reasoning is also persuasive where a comparable situation exists within the boundaries of this State."

A review of some Illinois Supreme Court cases shows that the court has since followed its decision in *Wieser*. Three years after the *Wieser* decision, the Illinois Supreme Court in *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 499, 490 N.E.2d 694, 697, citing the *Wieser* decision, stated that the plaintiff's choice of forum should be entitled to no less deference when in a tort action he chooses the situs of the injury rather than the forum of his residence. *Brummett* satisfied the first leg of the stool in the *Wieser* decision by stating that the situs of the accident was good enough, by itself, to establish venue because it localized the controversy and gave it a local interest in having the controversy "decided at home." Hence, the *Brummett* court determined that if the plaintiff's choice of forum is the situs of the injury, that choice will be given substantial deference. *Brummett*, 111 Ill. 2d at 499, 490 N.E.2d at 697.

Two years after the *Brummett* decision, the Illinois Supreme Court decided *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 520 N.E.2d 368. In *McClain*, the court, citing *Wieser* again, satisfied the second leg of the stool by determining that if the chosen forum is the plaintiff's home forum, that choice will be given substantial deference. *McClain*, 121 Ill. 2d at 289, 520 N.E.2d at 372.

We have here a case that completes the third leg of the stool. In this case, the plaintiff's choice of forum was the county of the decedent's place of employment, Madison County. The plaintiff's choice of forum should be entitled to no less deference in this case than when he chooses the situs of the injury in a tort action or the forum of his residence. (See *Wieser*, 98 Ill. 2d at 371-72, 456 N.E.2d at 104.) Madison County has an interest in protecting persons that work within the county and property located within the county from unsafe practices and conditions. Hence, when the plaintiff's choice of forum is the county of the decedent's employment, that choice will be given substantial deference. See *Wieser*, 98 Ill. 2d at 371-72, 456 N.E.2d at 104.

Although the current test takes into account plaintiff's status as a resident or a nonresident of the chosen forum, we are satisfied that the current test ensures that a nonresident plaintiff's choice of forum will not be accorded undue deference. (See *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 108, 554 N.E.2d

209, 212.) The Illinois Supreme Court has decided a number of *forum non conveniens* cases in which the plaintiffs were foreign to the forums they selected. (See *McClain*, 121 Ill. 2d at 278, 520 N.E.2d at 368; *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370; *Wieser*, 98 Ill. 2d at 359, 456 N.E.2d at 98.) In each of these cases, the Illinois Supreme Court stated that "the plaintiff's choice of forum was entitled to less deference because the plaintiff was not a resident of the forum it selected"; however, it also stated that the test to be applied in deciding a *forum non conveniens* motion is whether the relevant factors strongly favor transfer. *Griffith*, 136 Ill. 2d at 108-09, 554 N.E.2d at 212.

Therefore, the *Wieser* court determined that if Illinois had any connection with the litigation such as (1) the situs of the accident or (2) the residence of the plaintiff or (3) the *decedent's employment* or (4) the principal place of business of the defendant, it would have an interest in providing a forum in which to resolve the dispute. The *Torres* court made the principles in interstate cases applicable to intrastate cases. Then, the *Griffith* court determined that the plaintiff's residence is the trump card. Now, we must consider whether the relevant factors *strongly* favor transfer. See *Griffith*, 136 Ill. 2d at 108-09, 554 N.E.2d at 212.

■ Initially, we note that the trial court is vested with considerable discretion in its determination of whether transfer is warranted on the basis of *forum non conveniens* principles, and its decision will be reversed only if the court abused its discretion. (*Peile v. Skelgas, Inc.* (1994), 163 Ill. 2d 323, 336, 645 N.E.2d 184, 190.) Furthermore, we must emphasize that on a *forum non conveniens* motion, the burden is on the defendant to show that the relevant factors *strongly* favor transfer of the case to another forum. (*Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 529, 568 N.E.2d 883, 892.) The *forum non conveniens* doctrine does not concentrate on any single factor but requires an evaluation of the total circumstances. *Peile*, 163 Ill. 2d at 336, 645 N.E.2d at 191.

The private-interest factors to be considered are "the relative ease of access to sources of proof, the accessibility of witnesses, the possibility of a jury view of the premises, if appropriate, and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Peile*, 163 Ill. 2d at 337, 645 N.E.2d at 191.

Defendants claim that a review of the private-interest factors strongly favors transfer to Macoupin County. Defendants allege that all of the witnesses that have knowledge of the plaintiff's accident and the scene of the accident are residents of Macoupin County and,

therefore, Macoupin County provides greater ease of access to all key witnesses in this litigation.

Even though the defendants have pointed out that the majority of witnesses reside in Macoupin County, this does not automatically mean that the access to sources of proof and costs of attending a trial favor Macoupin County. The plaintiff claims that the defendants reside very close to the border of Madison County and the distance to the Madison County courthouse is less than to the Macoupin County courthouse "both in actual mileage and time, due to the roads accessing each location." This statement by the plaintiff is undisputed. Furthermore, it is undisputed that the site of the accident was closer to the Madison County courthouse than the Macoupin County courthouse. Hence, a possible inspection of the premises by a jury favors a Madison County forum also.

This court recently addressed the *forum non conveniens* doctrine in a factually similar case. (See *Brown v. Illinois Power Co.* (1995), 269 Ill. App. 3d 1107, 647 N.E.2d 1112.) In *Brown*, this court determined that the private-interest factors did not strongly favor transfer where the situs of the accident was no more convenient to one courthouse than it was to the other, even though the plaintiffs did not reside in the chosen forum and the accident did not occur in the county of the chosen forum. Moreover, the Illinois Supreme Court has stated that a relatively short distance between two courthouses made it unlikely that a trial in plaintiff's choice of forum would be more costly or inconvenient. *Griffith*, 136 Ill. 2d at 113, 554 N.E.2d at 214.

Additionally, the decedent was taken to Alton Memorial Hospital, located in Madison County, immediately following the accident. The plaintiff claims that the treating physician and staff are all likely witnesses. The plaintiff actually died in a hospital located in St. Louis, Missouri.

Although the defendants claim that the high cost of obtaining the attendance of witnesses at a trial in Madison County favors transfer of this case to Macoupin County, they have failed to demonstrate exactly how or why it would cost more.

Moreover, both parties' attorneys' offices are located in Madison County. Even though this factor may not be a heavily weighted one, it may be considered. See *Boner*, 142 Ill. 2d at 534, 568 N.E.2d at 888.

We must also be mindful that under the *forum non conveniens* doctrine, deference is given to the plaintiff's choice of forum. "A plaintiff's right to select the forum is a substantial one, and unless the factors weigh *strongly* in favor of transfer, the plaintiff's choice of forum should rarely be disturbed." (Emphasis added.) *Peile*, 163 Ill. 2d at 337, 645 N.E.2d at 191.

The public-interest factors that need to be considered include "having localized controversies being decided in the local forum, administrative concerns, including the congestion of court dockets, and the imposition of jury duty upon residents of a county with little connection to the litigation." *Peile*, 163 Ill. 2d at 337, 645 N.E.2d at 191.

The defendants claim that the congestion of the Madison County docket supports transfer of this case to Macoupin County. We disagree.

A challenge to the congestion of the chosen forum's docket is entitled to almost no weight where the evidence does not show that the court's calendar in the other forum would resolve the dispute more expeditiously. (*Brummett*, 111 Ill. 2d at 499, 490 N.E.2d at 698.) We take judicial notice of the 1994 statistical data compiled by the Administrative Office of the Illinois Courts (see *Mowen v. Illinois Valley Supply Co.* (1994), 257 Ill. App. 3d 712, 719, 629 N.E.2d 176, 180) and find that the average lapse in months between the date of filing and the date of verdict in Macoupin County is 58 months as compared to a mere 35.2 months in Madison County.

Furthermore, contrary to defendants' assertions, it is clear that the citizens of Madison County have an interest in this "localized" controversy. Jarden Farms is considered a resident of Madison County for venue purposes. The partnership owns and leases 140 to 160 acres in Madison County. The partnership farms this property in order to produce grain that is, in turn, fed to the cattle for the Jarden Farms' dairy operation. We can only assume that Richard Jarden and Jarden Farms pay real estate taxes on the property located in Madison County. Additionally, the decedent actually worked in Madison County. Since it is clear that the citizens of Madison County have more than a "little connection" to the disposition of this case, we fail to see how the imposition of jury duty on Madison County residents would weigh strongly in favor of the defendants. "The true burden is upon the defendants to clearly establish such factors that weigh so *strongly* in favor of transfer that the plaintiff['s] right to select the forum should be disturbed." (Emphasis added.) *Brown*, 269 Ill. App. 3d at 1109, 647 N.E.2d at 1114.

Because the defendants have failed to meet their burden, we affirm the trial court's orders denying defendant's motion to dismiss and denying the defendants' motions to transfer on the grounds of *forum non conveniens*. Hence, we remand for further proceedings.

Affirmed and remanded.

KUEHN and HOPKINS, JJ., concur.