RONNIE W. WALKER, Plaintiff-Appellee, v. AMERICAN RIVER TRANS-PORTATION, Defendant-Appellant.

Fifth District   No. 5—93—0823

Opinion filed January 9, 1996.

Robert Nienhuis and Douglas E. Gossow, both of Goldstein & Price, of St. Louis, Missouri, for appellant.

Roy C. Dripps and Gail G. Renshaw, both of The Lakin Law Firm, of Wood River, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

On June 11, 1992, the M/V Cooperative Venture and her crew navigated the waters of the upper Mississippi River, near Lock and Dam 20. Ronnie Walker (Walker) was a member of that crew. As he and a mate, Ted Hegge, were pulling on a ratchet, Walker hurt his back. On April 30, 1993, Walker filed suit in Madison County, Illinois, to recover damages from his employer under the Jones Act. 46 U.S.C. § 688 (1982).

Defendant, American River Transportation Company, filed a motion to transfer venue under the doctrine of intrastate *forum non conveniens,* complaining of Madison County's lack of practical connection to the litigation. Walker hails from Pocahontas, Arkansas. He sustained his injury aboard the M/V Cooperative Venture at a point upon the Mississippi that forms the border between Lewis County, Missouri, and Adams County, Illinois. The defendant conducts business in Madison County but maintains its home office in Macon County, Illinois. The defendant requested transfer to Adams County, the most proximate Illinois forum to the site of Walker's injury. Alternatively, defendant requested transfer to Macon County, where it maintains its home office.

The trial court denied the defendant's forum motion. Defendant appeals pursuant to Supreme Court Rule 306(a)(2) (155 Ill. 2d R. 306(a)(2)), contending that the trial court abused its discretion in refusing to transfer the case.

Defendant rests faith in the absence of any practical connection between the litigation and Madison County. Defendant contends that because Walker's chosen forum fails to bear any practical relationship to the litigation, reversal is compelled under *Peile v. Skelgas, Inc.* (1994), 163 Ill. 2d 323, 645 N.E.2d 184. We disagree and affirm the decision of the trial court.

■ *Peile* did not alter the doctrine of *forum non conveniens.* Justice McMorrow's opinion reaffirms the doctrine's value and purpose. *Peile* revisits the doctrine's development and the framework for its application. The legal principles that guide our decision are

meticulously set forth in *Peile*. The discussion of those principles includes a passage that requires scrutiny. The precise instruction reads as follows:

> "In most instances, the plaintiff's initial choice of forum will prevail, provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum. If, however, the litigation has no practical connection to the forum, *and a defendant establishes the necessary showing under the doctrine*, the court should grant the motion for transfer." (Emphasis added.) *Peile*, 163 Ill. 2d at 335-36, 645 N.E.2d at 190.

The doctrine of *forum non conveniens* is entirely consistent with a plaintiff's statutory right under section 2—101 of the Code of Civil Procedure (735 ILCS 5/2—101 (West 1992)) to select a proper venue in which to commence an action. The doctrine does not mandate a transfer of venue based upon a defendant's showing of criteria that connect the case with other possible venues which the plaintiff might have selected. In order to overcome the plaintiff's right to choose the forum, the defendant must "establish[ ] the necessary showing under the doctrine." The doctrine defers to the plaintiff's choice unless a defendant can establish that convenience factors weigh strongly in favor of a transfer. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 106, 554 N.E.2d 209.) A defendant seeking transfer from a forum that bears no practical connection to the litigation still shoulders the responsibility of meeting this burden under the doctrine.

Since a necessary showing under the doctrine is required, even absent practical connections between the litigation and the chosen forum, the battle is joined and decided by the "battle over minutiae"— the various details that form recognized factors guiding a path to the forum of convenience. A review of the private- and public-interest factors that formed the basis of the trial court's decision demonstrates sound and reasoned judgment not warranting reversal.

Walker lives in Pocahontas, Arkansas. The company he sues maintains its home office in Decatur, Illinois. Walker was injured on waters of the Mississippi that flowed in close proximity to Quincy, Illinois. Walker did not file his action where he lived, where he was injured, or at his employer's principal place of business. Walker's choice of forum is accorded less deference. *Peile*, 163 Ill. 2d at 336, 645 N.E.2d at 191.

After Walker's injury, the M/V Cooperative Venture continued its course downstream to Hannibal, Missouri. Walker was taken ashore at Hannibal and administered medical treatment. As he rode

the current of the Mississippi to Hannibal, Walker passed by and got a glimpse of Adams County, Illinois. The Adams County courtroom in Quincy bears a practical relationship to this litigation by virtue of its geographical proximity to the waters of the Mississippi where Walker got hurt. Not a single witness in this matter hails from Adams County. The only thing that bears witness to this case in Adams County is the ebb and flow of the Mississippi River. The fact that the injury occurred while navigating waters adjacent to Adams County connects the forum to the litigation. But nothing about the situs of the injury in this case renders Adams County a particularly convenient forum in which to litigate the case.

The company that operated the vessel on which Walker sustained injury tracks its operations from a home office in Decatur, Illinois. Decatur is located in Macon County, where reports of what happened to Walker aboard the M/V Cooperative Venture are compiled. The Macon County courtroom in Decatur bears a practical relationship to this litigation by virtue of the records stored there. Not a single witness in this matter hails from Macon County. The fact that defendant stores its records in Macon County connects the forum to the litigation, but nothing about the place where records are stored renders Macon County a particularly convenient forum in which to litigate this case.

The trial court weighed private-interest factors. These factors include the relative ease of access to sources of proof, the accessibility of witnesses, and a jury view of the scene of the accident, when appropriate. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) Clearly, the trial court did not abuse its discretion with regard to these factors.

The river has many ports. The M/V Cooperative Venture navigated the river with a crew of men and women who make their homes in Arkansas, Illinois, Kentucky, Minnesota, Missouri, and Wisconsin. Four members of the crew live in Missouri, making land travel to any of the potential Illinois forums feasible. Walker's chosen forum, Madison County, with courtrooms in Edwardsville, Illinois, is more readily accessible to these four witnesses than either Quincy or Decatur. A court can take judicial notice of geographic distances. (See *Cribbs v. Daily* (1966), 67 Ill. App. 2d 441, 445, 214 N.E.2d 588, 590; *M.I.G. Investments, Inc. v. Marsala* (1981), 92 Ill. App. 3d 400, 403, 414 N.E.2d 1381, 1384.) Deckhand Dale Cannon lives in Troy, Missouri. Troy is 71 miles from Edwardsville, 90 miles from Quincy, and 173 miles from Decatur. Chief Officer Gary Tracey lives in Cape Girardeau, Missouri. Cape Girardeau is 139 miles from Edwardsville, 223 miles from Decatur, and 244 miles from Quincy. Deckhand Gary

Steinbeck lives in Dexter, Missouri. Dexter is 178 miles from Edwardsville, 266 miles from Decatur, and 283 miles from Quincy. Deckhand Ted Hegge, *the only eyewitness to the plaintiff's injury*, lives in St. Louis, Missouri. St. Louis is 26 miles from Edwardsville, 124 miles from Decatur, and 141 miles from Quincy. Crew members with homes in Murray, Kentucky, Zimmerman, Minnesota, and Shullburg, Wisconsin, must travel considerable distance. None of the Illinois forums are readily accessible to these witnesses. Edwardsville is closer to Murray, Kentucky, than Quincy or Decatur. Edwardsville is farther from Zimmerman, Minnesota, and Shullburg, Wisconsin, than Quincy or Decatur. Only one crew member, Richard Stanbaugh, lives in Illinois. His home is in Frederick, Illinois, 72 miles from Quincy, 94 miles from Decatur, and 120 miles from Edwardsville.

All of Walker's treating physicians live in Arkansas. Medical witnesses in Jonesboro, Arkansas, are 269 miles from Edwardsville, 368 miles from Decatur, and 374 miles from Quincy. Walker's doctor in Pocahontas, Arkansas, is 242 miles from Edwardsville, 340 miles from Decatur, and 347 miles from Quincy.

Walker's forensic expert witnesses live in Springfield, Illinois, and Edwardsville, Illinois. Defendant's forensic experts live in Jonesboro, Arkansas, and Cordova, Tennessee. Edwardsville is more readily accessible to defendant's expert witnesses than Quincy or Decatur.

Defendant represents that three workers at Lock and Dam 20 will give evidence (1) as to procedures used by lock personnel and vessel crew members in locking vessels, (2) as to events on the day of Walker's accident, and (3) as to documents prepared at the lock on the day of the accident. For purposes of our decision, we assume that testimony on a day in the life of a lock and dam worker and evidence on the procedures used for locking vessels is relevant to the case. All three witnesses reside in Canton, Missouri, 26 miles from Quincy, 170 miles from Edwardsville, and 186 miles from Decatur.

The only other evidence source is in Decatur. Defendant's home office houses business records there. If business records are needed, such records are readily at hand in Decatur. Decatur is 101 miles from Edwardsville and 156 miles from Quincy.

In terms of the relative ease of access to sources of proof and accessibility of witnesses, Adams County is the forum of convenience with regard to four witnesses. Stanbaugh, a deckhand aboard the vessel, and three lock and dam workers are accessible with relative ease in Adams County. This does not hold true for all of the other witnesses in the case. Madison County is the forum of convenience for the defendant's two forensic experts, the treating physicians, all of Walker's fellow crew members save one (possibly three if travel is by

land rather than air), and Walker himself. Macon County is the forum of convenience for documents but the forum of inconvenience for all of the witnesses.

The possibility of a jury view was discounted by the trial court. The trial court noted, however, that the vessel, rather than the waters of the Mississippi, would be the subject matter of any view. The Cooperative Venture is as accessible to a jury in Madison County as it is to a jury in Adams County. The river has ports in Adams and Madison County. There are no river ports, however, in Macon County. It would be difficult to navigate the Cooperative Venture in central Illinois close to the town of Decatur.

In addition to the obvious private-interest factors to be weighed, courts may consider "all other practical problems that make trial of a case easy, expeditious, and inexpensive." (*Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843.) This case, not unlike many cases involving maritime workers, affords an array of proper venues in which to litigate. None of the potential venues is free from practical problems affecting the ease and expense of the litigation. The geographical dispersion of the crew, the treating physicians, and the forensic experts presents a logistical problem in marshalling the evidence no matter where this case is tried. Edwardsville is 29 miles from a hub airport that services major commercial airlines: It is linked to the interstate highway system. It is readily accessible to witnesses from distant places that travel by air. The experts, the doctors, and the members of the crew who travel by air can fly into any of the Illinois forums. But air travel to Quincy or Decatur requires private charter or a connecting commuter flight. Air travel near Edwardsville is easier and less expensive.

Private-interest factors favor plaintiff's choice of forum. The relative ease of access to sources of proof, the accessibility of witnesses, the possibility of a jury view of the vessel, and practical problems of travel associated with the wide dispersion of potential witnesses point with favor to Madison County. Thirteen of seventeen potential witnesses are easier to access in Madison County. Sixteen of seventeen potential witnesses are most difficult to access in Macon County. Witnesses that are more convenient to Adams County are less inconvenienced by trial in Madison County than witnesses more convenient to Madison County are inconvenienced by trial in Adams County. Of the three forums that join the issue, Madison County, Walker's choice, is quantitatively and qualitatively the most convenient Illinois forum in which to present the evidence in this case.

The defendant correctly points out that before evidence can be presented in this case, the litigants will have to compete with over

4,000 other cases for one of the Madison County courtrooms. Numerous plaintiffs find Madison County a decidedly convenient place to file suit.

The 1992 Annual Report of the Administrative Office of the Illinois Courts provides data showing that the number of pending cases in Madison County far exceeds the number of cases pending in Adams or Macon County. Because sheer numbers present but a part of the equation, reviewing courts generally defer to trial courts for assessment of the burden those numbers actually present. (*Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 538-39, 568 N.E.2d 883, 891.) A closer look at the numbers submitted by defendant in support of a transfer to Macon County instructs on how numbers are deceptive. Madison County disposed of 362 law jury cases in 1992 and ended the year with 27 less cases pending on its dockets than when the year began. By comparison, Macon County disposed of 35 law jury cases in 1992, witnessed a 45% increase in its caseload, and ended the year with 122 more cases pending on its dockets than when the year began.

Concern over congested dockets is a factor to be weighed under the doctrine, together with all other factors. The trial court considered the number of cases pending on its docket. The trial court noted that this case had an actual trial date that assured trial in 11 months, less time than the published filing-to-verdict averages for either Adams or Macon County. Docket congestion is given little weight where transfer would not resolve the dispute more expeditiously. *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 503, 490 N.E.2d 694, 698.

Finally, there is interest in having localized controversies decided in the local forum, avoiding imposition of jury duty upon residents of a county with little connection to the case. Although Adams County is closest to the situs of the injury, adjacent to the waters upon which the accident occurred, the litigation is not provincial in nature. Local interest rests upon the mere "fortuity that the vessel in which plaintiff was sailing when injured [was] on a waterway passing through [the] forum when the injuries in question occurred." (*Fulford v. Scott Chotin, Inc.* (1987), 151 Ill. App. 3d 704, 708, 502 N.E. 2d 1317, 1321.) The Cooperative Venture stayed its course downstream after Walker was hurt. Emergency medical treatment was administered in Hannibal, Missouri. Walker was never in Adams County. None of its residents or businesses are involved in the litigation.

Macon County has a more direct local interest. The defendant maintains offices there. But the focus of the litigation—injury on the Mississippi River—is of no interest to the residents of Macon County. The facts confronting the trial court in this case offered little to implicate the policy of resolving localized controversies at home.

■ The doctrine of *forum non conveniens* is a flexible doctrine. It requires adaptation to circumstances in their entirety without undue emphasis on any single factor. (*Peile,* 163 Ill. 2d at 336-37, 645 N.E.2d at 185.) The facts of this case, evaluated in terms of private- and public-convenience factors, do not portend an abuse of the trial court's discretion. *Peile* reminds us:

> "The doctrine that was activated in *Torres* [*v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601,] was designed to give the courts 'discretionary power which should be exercised *only in exceptional circumstances* when it has been shown that the interests of justice require a trial in a more convenient forum.' " (Emphasis in original.) *Peile,* 163 Ill. 2d at 335, 645 N.E.2d at 190, quoting *Torres,* 98 Ill. 2d at 346, 456 N.E.2d at 605.

None of the Illinois forums in this case has a strong local interest in its outcome. Of the three forums in issue, private-convenience factors clearly favor Walker's chosen forum. There is nothing exceptional about the circumstances of this case that mitigates against Walker's choice. Nor has it been shown that the interests of justice require that trial be held in Adams or Macon County.

For the foregoing reasons, the order of the Madison County circuit court denying the defendant's *forum non conveniens* motion is affirmed, and the cause is remanded.

Affirmed and remanded.

RARICK and GOLDENHERSH, JJ., concur.