DAVID KINZLER, Plaintiff-Appellee, v. CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY *et al.,* Defendants-Appellants.

Fifth District   No. 5—95—0304

Opinion filed August 29, 1996.

Theodore J. Williams, Jr., and Andrew B. Mayfield, both of Armstrong, Teasdale, Schlafly & Davis, of St. Louis, Missouri, for appellant Chicago & North Western Transportation Co.

Bryan L. Skelton, of Reed, Armstrong, Gorman, Coffey, Gilbert & Mudge, of Edwardsville, for appellant Dever & Sons Trucking Co.

Roger C. Denton, of Schlichter, Bogard & Denton, of St. Louis, Missouri, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

On September 23, 1992, in Bureau County, Illinois, a Chicago & North Western Railroad (CNW or defendant) freight train collided

with a grain truck owned by Dever and Sons Trucking Company, Inc. (Dever). David Kinzler (Kinzler or plaintiff), a 23-year veteran with CNW's St. Louis subdivision, sustained injuries to his head and back in the collision. On June 28, 1993, Kinzler sued CNW under the Federal Employers' Liability Act (45 U.S.C.A. §§ 51 through 60 (West 1986)) (FELA), to recover for the head and back injuries he sustained in the collision and for the hearing loss caused by 23 years of exposure to excessive noise during his tenure with the railroad and exacerbated by the September 23 head injury.

Kinzler sued in Madison County, and defendant sought to transfer the matter under the doctrine of intrastate *forum non conveniens*. The court denied defendant's motion. Defendant filed a petition for leave to appeal under Supreme Court Rule 306(a)(2) (155 Ill. 2d R. 306(a)(2)). This court denied defendant's petition, but the supreme court vacated our order and directed us to enter an order granting leave to appeal and to consider the case on the merits (*Kinzler v. Chicago & North Western Transportation Co.*, 163 Ill. 2d 559, 655 N.E.2d 916 (1995)).

Defendant challenges plaintiff's decision to file suit in Madison County. Defendant urges that Madison County has no practical connections to plaintiff's lawsuit and insists that the trial court abused its discretion in denying defendant's motion to transfer. We disagree and affirm.

In *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 335, 645 N.E.2d 184, 190 (1994), the supreme court revisited and reaffirmed the validity of intrastate *forum non conveniens* in Illinois. Based on the principles of equity, the doctrine of *forum non conveniens* balances deference to the plaintiff's choice of forum with public- and private-interest factors. *Hefner v. Owens-Corning Fiberglas Corp.*, 276 Ill. App. 3d 1099, 1101, 659 N.E.2d 448, 451 (1995), citing *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223, 506 N.E.2d 1291, 1294 (1987). When the trial court gives reasonable treatment to the relevant factors, we must give its determination great deference. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266 (1981). By their very nature, balancing tests are subjective. Our task, therefore, is not to determine whether we agree with the trial court's determination but to review whether the trial court "acted arbitrarily, without employing conscientious judgment, or whether, in view of all of the circumstances, the court exceeded the bounds of reason and ignored recognized principles of law." *Mowen v. Illinois Valley Supply Co.*, 257 Ill. App. 3d 712, 714, 629 N.E.2d 176, 178 (1994).

■ In order to secure a transfer under the *forum non conveniens*

analysis, the defendant must show that the convenience factors weigh strongly in favor of a transfer. *Brown v. Illinois Power Co.*, 269 Ill. App. 3d 1107, 1109, 647 N.E.2d 1112, 1114 (1995), citing *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 106, 554 N.E.2d 209, 211 (1990). We examine the connections between plaintiff's lawsuit and his choice of forum to determine whether to exercise our discretion to move the suit to a different forum which would better serve the parties' convenience. *Hefner*, 276 Ill. App. 3d at 1101, 659 N.E.2d at 451, citing *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 364, 456 N.E.2d 98, 100 (1983).

By now, the criteria for transfer have a familiar ring. We begin with the premise that more than one forum has proper venue and jurisdiction over a case. *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 527, 568 N.E.2d 883, 885 (1991), citing *Bland*, 116 Ill. 2d at 223, 506 N.E.2d at 1294. Plaintiff's choice of forum receives great deference in our deliberations. If plaintiff sues in a jurisdiction other than the county of his residence or the site of his injury, we still take note of plaintiff's choice of forum but we afford his choice less deference. *Peile*, 163 Ill. 2d at 337-38, 645 N.E.2d at 191. As we observed in *Hefner*, *Peile* stands for the basic truth that *forum non conveniens* is ultimately about convenience and not about counties. *Hefner*, 276 Ill. App. 3d at 1102, 659 N.E.2d at 452, citing *Peile*, 163 Ill. 2d at 337-38, 645 N.E.2d at 191.

■ Our examination must include the private-interest factors: "the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing[,] witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " (Emphasis omitted.) *Hefner*, 276 Ill. App. 3d at 1102, 659 N.E.2d at 451, quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843 (1947). We must also consider the complexity of the litigation. *Mowen*, 257 Ill. App. 3d at 717, 629 N.E.2d at 178.

The public-interest factors affecting our decision include court congestion, an interest in having localized controversies decided at home, and the burden of jury duty upon local citizens in an unrelated forum. *Hefner*, 276 Ill. App. 3d at 1101, 659 N.E.2d at 451, citing *Gulf Oil Corp.*, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843. Our balancing analysis requires an evaluation of the relevant factors in their entirety, rather than an emphasis on any single factor. *Peile*, 163 Ill. 2d at 336-37, 645 N.E.2d at 190.

Though plaintiff resides in Pekin, Illinois, in Tazewell County,

approximately 140 miles from Madison County and approximately 72 miles from Bureau County, the private-interest factors do not favor transferring the case to Bureau County. Like the trial court, we find sufficient contacts with Madison County to justify holding a trial there. Plaintiff's home terminal is in South Pekin, Illinois, closer to Bureau County than to Madison County. However, plaintiff works on CNW's St. Louis subdivision, which runs from Madison County 230 miles north to Nelson, Illinois. Plaintiff has done yard jobs in Madison County and has operated hundreds of trains in and out of Madison Yard. When plaintiff's work brought him to Madison County, he was required to stay in company-approved lodging in Granite City, Illinois, and Collinsville, Illinois, both of which are in Madison County. CNW has an office and a railyard in Madison County. It does not have an office in Bureau County. Defendant Dever has its home office in Bureau County.

We also consider the site of the injury in our deliberations. *Turner v. Jarden*, 275 Ill. App. 3d 890, 894, 656 N.E.2d 1125, 1128 (1995). Plaintiff sued to recover for two injuries, one which occurred in Bureau County and one which occurred over a period of time in the 230-mile radius which comprises the St. Louis subdivision of CNW. Since Madison County is the origin of the St. Louis subdivision, plaintiff sustained at least a portion of his hearing loss injury in the forum in which he filed suit. In *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 499, 490 N.E.2d 694, 697 (1986), the Illinois Supreme Court established that plaintiff's choice of forum should not be entitled to less deference when, in a tort action, plaintiff chooses the site of his injury rather than the forum of his residence.

Defendant insists that Madison County does not merit our consideration as the site of the injury in the hearing loss claim. Drawing an analogy to our decision in *Walker v. American River Transportation*, 277 Ill. App. 3d 87, 93, 660 N.E.2d 550, 555 (1996), defendant insists that plaintiff's periodic presence in Madison County during the course of his 23 years with the railroad is a "mere fortuity" with respect to the hearing loss injury. We think defendant's analogy misses its mark. Plaintiff's hearing loss occurred over the course of 23 years of service on the railroad. Unlike plaintiff Ronnie Walker, who injured his back on the water near Adams County, Illinois, plaintiff in the instant matter did not lose his hearing in any one specific Illinois county. *Walker*, 277 Ill. App. 3d at 88, 660 N.E.2d at 551. To be sure, his 1993 collision in Bureau County affected his hearing loss, but the hearing loss problem preceded the Bureau County collision. The fact remains that plaintiff suffered at least part of his hearing loss during his employment in Madison County.

We also consider the accessibility of witnesses to plaintiff's chosen forum. One eyewitness to the collision, Gerald Morris, the train's conductor, hails from Fulton County. Fulton County is 149 miles from Madison County and 106 miles from Bureau County. Defendant claims there are four other eyewitnesses to the collision, all of whom call Bureau County home. The Dever truck driver saw the collision as well; he, too, hails from Bureau County. Defendant also names as potential witnesses at trial four Bureau County rescue workers who were called to the scene after the collision.

Plaintiff's primary medical care for his hearing loss came from Dr. Wilfred Leach, a St. Louis ear, nose, and throat physician. St. Louis, Missouri, is approximately 26 miles from Edwardsville and approximately 231 miles from Bureau County. Over the course of his career with the railroad, plaintiff was examined by a number of company physicians, including a Madison County audiologist and audiologists in Bureau and Peoria Counties. Immediately after the collision, emergency room doctors at Perry Memorial Hospital in Bureau County treated plaintiff's back and head injuries. Subsequently, plaintiff's family physician, from Dunlap, Illinois, referred plaintiff to a St. Louis orthopedic surgeon for the primary treatment of his back injury. That physician ultimately performed surgery to help alleviate plaintiff's symptoms.

Defendant argues that the convenience of the five Bureau County witnesses to the accident, the rescue workers, and the Perry Memorial emergency room doctors warrants a transfer to Bureau County. Train conductor Gerald Morris, from Fulton County, would also have slightly less travel time and expense if the case were moved to Bureau County. However, at least three of the eyewitnesses on defendant's list, plus Gerald Morris and the Dever truck driver, will testify that the crossing signals malfunctioned and establish liability against CNW. The trial court apparently doubted the relevance of the rescue workers' testimony. See, *e.g., Griffith*, 136 Ill. 2d at 110-11, 554 N.E.2d at 213. Essentially, then, defendant rests faith in the convenience of witnesses it is not likely to call. There is an air of disingenuity in defendant's pursuit of easy access to evidence from these Bureau County witnesses. The trial court considered the witnesses which the parties listed, their residences, and the likelihood that defendant would require their testimony and determined that the fact witnesses which were expected to be called were not centralized in any one county. See, *e.g., Griffith*, 136 Ill. 2d at 110-11, 554 N.E.2d at 213. We see no reason to disturb the trial court's decision, given that all the witnesses, including the rescue workers, are willing to travel to Madison County for trial and, in any event, are subject to subpoena in Illinois.

Madison County would serve the convenience of plaintiff's primary medical care providers from St. Louis, Missouri. Both physicians stated that they could only testify live at a Madison County trial, and the trial court noted that the St. Louis physicians were not subject to subpoena in Illinois. A plaintiff cannot manipulate the rules of the *forum non conveniens* doctrine by selecting physicians and experts away from the site of the accident to create connections to an otherwise inconvenient forum for the trial. *Bland*, 116 Ill. 2d at 227, 506 N.E.2d at 1296. In this case, however, it is difficult to imagine what could be inconvenient for CNW about a Madison County trial, given that it has offices and a railyard in Madison County, and it sent plaintiff to a Madison County audiologist for an evaluation.

Madison County is also more convenient for counsel. St. Louis law firms represent CNW and plaintiff, and an Edwardsville firm represents Dever. CNW and plaintiff's counsel also have offices in St. Clair County, adjacent to Madison County. Though this factor may not be heavily weighted, it does warrant some consideration. *Boner*, 142 Ill. 2d at 534, 568 N.E.2d at 888.

The trial court discounted the importance for the jury to view the scene of the collision. CNW has changed the crossing since plaintiff's collision. The jury would be likely to gain very little from the opportunity to see the changed site of the accident, and the defendant would be even less likely to insist on a jury field trip to observe its subsequent remedial measure.

The only other source of proof is the location of the defendants' offices. Records of plaintiff's accident and his 23-year career with the railroad can be found at CNW's offices in Peoria, Cook, and Madison Counties. CNW does not have offices or a railyard in Bureau County. At 64 miles away, CNW's Peoria office is the closest to Bureau County. Dever's home office is in Bureau County. There has been no showing that the records in either defendant's offices are so voluminous so as to preclude transporting them to Madison County should the parties need to use them at trial.

The public-interest factors also favor denying defendant's motion. Defendant insists that court congestion in Madison County favors transfer to Bureau County. This, too, is a familiar argument in a *forum non conveniens* analysis; as we observed in *Walker*, numerous plaintiffs find Madison County a decidedly convenient place to file a lawsuit, and Madison County has considerably more cases than Bureau County. *Walker*, 277 Ill. App. 3d at 93, 660 N.E.2d at 554. However, "sheer numbers present but a part of the equation." *Walker*, 277 Ill. App. 3d at 93, 660 N.E.2d at 554. We take judicial notice of the 1995 statistical data compiled by the Administrative Office

of the Illinois Courts. *Mowen*, 257 Ill. App. 3d at 719, 629 N.E.2d at 180. We find that in 1995 Madison County experienced a 7% increase in its caseload. By comparison, Bureau County's caseload increased by 47%. Administrative Office of the Illinois Courts, 1995 Annual Report to the Supreme Court of Illinois 34-35. The same statistics also reveal that in 1995 Bureau County reported only four civil jury trials in cases with verdicts over $15,000. Madison County, by contrast, reported 45. Administrative Office of the Illinois Courts, 1995 Annual Report to the Supreme Court of Illinois 34-35. It is obvious that a lengthy and complex jury trial in a smaller county like Bureau County (population: 35,688) would cause a major disruption in that county's court system, but the same trial in Madison County (population: 249,238) would only cause a minor ripple. Administrative Office of the Illinois Courts, 1995 Annual Report to the Supreme Court of Illinois 4-5; *Hefner*, 276 Ill. App. 3d at 1106, 659 N.E.2d at 454.

The statistics tell us that the average time lapse between date of filing and date of verdict in Bureau County is 25.7 months. At 31.7 months, Madison County's time lapse average is higher. Administrative Office of the Illinois Courts, 1995 Annual Report to the Supreme Court of Illinois 34-35. However, based on its experience, the trial court noted that a civil case in Madison County can be tried within 18 months of filing. A trial court is in a better position than a reviewing court to assess the congestion on its own docket. *Boner*, 142 Ill. 2d at 539, 568 N.E.2d at 891. The trial court considered its own docket and determined that a jury trial on this matter would not unduly burden the citizens of Madison County. We defer to the trial court's determination that court congestion does not present an obstacle to trying this case in Madison County.

The trial court also considered the public's interest in having localized controversies decided at home. Defendant contends that this factor favors trial in Bureau County, since Bureau County residents have an interest in avoiding future accidents like plaintiff's and in ensuring that crossing signals on tracks in Bureau County work properly. Also, since defendant Dever is a Bureau County business, defendant argues that the residents of Bureau County have an interest in ensuring that employees of its businesses operate in a safe manner. We do not disagree with these assertions. However, the residents of Madison County also have an interest in ensuring that railroad crossing signals work properly. CNW has a large facility in Madison County. There are 21 public road crossings over CNW tracks in Madison County, but only six public road crossings in Bureau County.

Also, as we have previously discussed, plaintiff's hearing loss claim is not a localized controversy. Like plaintiff's asbestos-related claim in *Hefner*, plaintiff's hearing loss claim is not related to any one county. *Hefner*, 276 Ill. App. 3d at 1107, 659 N.E.2d at 455. CNW employs residents of Madison and Bureau Counties. Surely, the residents of Madison and Bureau Counties have an equal interest in seeking the adjudication of noise-related hearing loss claims against the railroad.

Finally, defendant urges that the trial court improperly considered the fact that Gerald Morris had filed a companion case in Madison County for injuries arising out of the same accident and for an identical hearing loss claim. In denying defendant's motion, the court noted that defendants had consolidated the cases for discovery, and the court stated that "judicial efficiency is well-served by this consolidation." We find the trial court's conclusions on this point somewhat cryptic. It is difficult to understand how it would be more efficient to try two cases, which were based on the same accident, in two separate trials. The defendants had not consolidated the two cases for purposes of trial. Thus, if both cases were to be tried in Madison County, witnesses would have to attend two trials at two separate times. We agree with defendant's assertion that the trial court's analysis should not have included the factor that two cases arising out of the same set of facts were pending in Madison County. However, as we have demonstrated, we find elsewhere in the record ample support for the trial court's decision, and we decline to reverse based on this point.

■ The power to transfer a case under the doctrine of *forum non conveniens* should be exercised " ' "only in exceptional circumstances when it has been shown that the interests of justice require a trial in a more convenient forum." ' " (Emphasis omitted.) *Walker*, 277 Ill. App. 3d at 94, 660 N.E.2d at 555, quoting *Peile*, 163 Ill. 2d at 335, 645 N.E.2d at 190, quoting *Torres v. Walsh*, 98 Ill. 2d 338, 346, 465 N.E.2d 601, 605 (1983). We do not believe that this case presents the sort of exceptional circumstances the *Torres* court contemplated. Defendant has offices in Madison County, plaintiff's employment duties brought him to Madison County, and plaintiff sustained at least a portion of his hearing loss in Madison County. Defendant even sent plaintiff to a Madison County audiologist for an evaluation. We find that defendant has failed to carry its burden of showing that Madison County presents an inconvenient place for a trial or that the interests of justice require that we move the matter to Bureau County.

For the foregoing reason, the order of the Madison County circuit

court, denying defendant's *forum non conveniens* motion, is affirmed, and the cause is remanded.

Affirmed and remanded.

HOPKINS, P.J., and GOLDENHERSH, J., concur.