784 N.E.2d 323 (2002)
336 Ill. App.3d 789
271 Ill.Dec. 105
Sophie CHUNG, a Minor, by Her Parents and Next Friends, Howard CHUNG and Myunghee Chung, and Howard Chung, Indiv., and Myunghee Chung, Indiv., Plaintiffs-Appellants,
v.
ADVOCATE HEALTH CARE, a Corporation d/b/a Good Samaritan Hospital; DuPage Emergency Physicians, Ltd., a Corporation; Valerie Jean Phillips; Bruce Donenberg; J. Badowska, S.C., a Corporation, Janina Badowska, Central Dupage Hospital Association, a Corporation d/b/a Central DuPage Hospital; Associated General Surgeons, *324 S.C., a Corporation; Peter W. Broido; West Central Anesthesiology Group, Ltd., a Corporation; Michael J. Perconti, John A. Kowalski, Winfield Radiology Consultants, S.C., a Corporation; Hak Kung Sue, Pediatric Criticare, Ltd., a Corporation, and Sari Nabulsi, Defendants-Appellees.
No. 1-00-3106.
Appellate Court of Illinois, First District, Fifth Division.
December 27, 2002.
*325 Cassiday, Schade & Gloor, Chicago, for Peter W. Broido, M.D., and Associated General Surgeons, S.C.
Douglas J. Esp, Mayer, Kreuzer & Esp, Wheaton, for Good Samaritan Hospital.
Stanley J. Davidson, Hinshaw & Culbertson, Chicago, for Dr. Valerie Phillips and DuPage Emergency Physicians, Ltd.
Randall J. Gudmundson, French Kezelis & Kominiarek, P.C., Chicago, for J. Badowska, M.D.
Mary Nielson, Lord, Bissell & Brook, Chicago, for Central DuPage Hospital.
Christopher M. Daddino, McBreen, Kopko, McKay & Nora, Chicago, for West Central Anesthesiology, Michael Perconti, M.D. and John Kowalski, M.D.
*326 John D. Kuhn, Fedota, Childers & Rocca, Chicago, for Sari Nabulsi, M.D.
Dawn Wrona, David S. Waxman, Arnstein & Lehr, Chicago, for Dr. Sue and Winfield Radiology Consultants.
Randall C. Monroe, Brenner & Moltzen, Ltd., Chicago, for Pediatric Criticare, Ltd.
Justice REID delivered the opinion of the court:
In this medical malpractice action, the plaintiffs-appellants are a young girl and her parents. The defendants-appellees are essentially the hospitals and doctors that allegedly harmed the girl as a result of their alleged negligence. The sole issue raised on appeal is whether the trial court abused its discretion when it granted the defendants' motion to transfer venue from Cook County to DuPage County. For the reasons that follow, we reverse the decision of the trial court and remand this cause for further proceedings.

BACKGROUND
Plaintiff Sophie Chung (Sophie), a minor, is represented by her parents, Howard Chung (Howard) and Myunghee Chung (Myunghee), who are also suing in their individual capacities. On February 9, 1999, the plaintiffs filed a two-count complaint wherein they alleged the following defendants committed medical malpractice: Advocate Health Care (Advocate), d/b/a Good Samaritan Hospital (Good Samaritan); DuPage Emergency Physicians, Ltd. (DuPage Physicians); Valerie Jean Phillips, M.D. (Dr. Phillips); Bruce Donenberg, M.D.; J. Badowska, M.D., S.C.; Janina Badowska, M.D. (Dr. Badowska); Central DuPage Hospital Association, d/b/a Central DuPage Hospital (Central DuPage); Associated General Surgeons, S.C.; Peter W. Broido, M.D. (Dr. Broido); West Central Anesthesiology Group, Ltd.; Michael J. Perconti, M.D.; John A. Kowalski, M.D.; Winfield Radiology Consultants, S.C.; Hak Kung Sue, M.D.; Pediatric Criticare, Ltd.; and Sari Nabulsi, M.D. (Dr. Nabulsi).
In the complaint, it was alleged that on February 9, 1997, five-year-old Sophie was admitted to Good Samaritan, which is located in DuPage County, Illinois, for gastro-intestinal symptoms. There, Dr. Phillips and Dr. Badowska examined Sophie and decided that she needed pediatric critical care treatment. Sophie was subsequently transferred to Central DuPage, which is also located in DuPage County.
At Central DuPage, Sophie was examined by Dr. Broido and Dr. Nabulsi. After an abdominal flat plate and upright X ray were taken, Sophie was taken to surgery. There, Dr. Broido performed a procedure known as an exploratory laparotomy. During the procedure it was discovered that Sophie had a malrotation of the bowel. After untwisting her bowel, Dr. Broido elected to stop the procedure in order to evaluate the bowel's condition. The next day, Sophie was transferred to Children's Memorial Hospital (Children's Memorial), which is located in Chicago, Illinois.
The doctors at Children's Memorial discovered that Sophie's bowel had died because the malrotation had not been timely treated. Sophie subsequently had four additional surgeries and remained hospitalized at Children's Memorial until April 7, 1997.
The plaintiffs, who are residents of DuPage County, initiated this action in Cook County, Illinois. On May 18, 1999, the defendants filed a motion to transfer venue pursuant to Supreme Court Rule 187 (134 Ill.2d R. 187). The defendants requested that the case be transferred to DuPage County pursuant to the doctrine of forum non conveniens. The trial court granted the defendants' motion to transfer venue *327 and the plaintiffs appealed. A different division of this court initially denied the plaintiffs' petition for leave to appeal, and on May 1, 2000, the Supreme Court of Illinois issued a supervisory order that required this court to vacate its previous order and address this case on its merits.

ANALYSIS
The plaintiffs maintain the trial court abused its discretion when it granted the defendants' motion to transfer venue from Cook County to DuPage County.
The doctrine of forum non conveniens presupposes the existence of more than one forum having jurisdiction and venue. Peile v. Skelgas, Inc., 163 Ill.2d 323, 336, 206 Ill.Dec. 179, 645 N.E.2d 184 (1994), citing Wieser v. Missouri Pacific R.R. Co., 98 Ill.2d 359, 364, 74 Ill.Dec. 596, 456 N.E.2d 98 (1983), and Vinson v. Allstate, 144 Ill.2d 306, 311, 162 Ill.Dec. 43, 579 N.E.2d 857 (1991). A trial court has considerable discretion in ruling on a forum non conveniens motion, and the court's decision to grant or deny that motion will not be reversed absent an abuse of discretion. Peile, 163 Ill.2d at 336, 206 Ill.Dec. 179, 645 N.E.2d 184; Brummett v. Wepfer Marine, Inc., 111 Ill.2d 495, 503, 95 Ill.Dec. 841, 490 N.E.2d 694 (1986). According to this equitable doctrine, a court that has jurisdiction over the parties and the subject matter involved may nevertheless decline jurisdiction of a case when it is apparent that trial in another forum with jurisdiction over the parties would be more convenient and would better serve the ends of justice. Vinson, 144 Ill.2d at 310, 162 Ill.Dec. 43, 579 N.E.2d 857.
To determine whether the doctrine applies, the circuit court must balance the private interest factors affecting the convenience of the parties and the public interest factors impacting the court's administration of its docket. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062-63 (1947); Torres v. Walsh, 98 Ill.2d 338, 345, 74 Ill.Dec. 880, 456 N.E.2d 601 (1983). The doctrine of forum non conveniens is a flexible one which requires evaluation of the total circumstances rather than concentration on any single factor. Peile, 163 Ill.2d at 336-37, 206 Ill.Dec. 179, 645 N.E.2d 184.
"In Illinois, the private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensivefor example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate)." First American Bank v. Guerine, 198 Ill.2d 511, 516, 261 Ill.Dec. 763, 764 N.E.2d 54 (2002), citing Griffith v. Mitsubishi Aircraft International, Inc., 136 Ill.2d 101, 105-06, 143 Ill.Dec. 274, 554 N.E.2d 209 (1990), Bland v. Norfolk & Western Ry. Co., 116 Ill.2d 217, 224, 107 Ill.Dec. 236, 506 N.E.2d 1291 (1987), and Adkins v. Chicago, Rock Island & Pacific R.R. Co., 54 Ill.2d 511, 514, 301 N.E.2d 729 (1973)(these factors also may include the relative capacities of the two forums to provide a fair trial).
"The public interest factors include (1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora." Guerine, 198 Ill.2d at 516-17, 261 Ill.Dec. 763, 764 N.E.2d 54, citing Griffith, 136 *328 Ill.2d at 106, 143 Ill.Dec. 274, 554 N.E.2d 209.
"Court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly. See Brummett v. Wepfer Marine, Inc., 111 Ill.2d 495, 503, 95 Ill.Dec. 841, 490 N.E.2d 694 (1986) (`Courts should be extremely reluctant to dismiss a case from the forum rei gestae merely because that forum's docket has a backlog'). These factors govern both interstate and intrastate transfers." Guerine, 198 Ill.2d at 517, 261 Ill.Dec. 763, 764 N.E.2d 54.
In exercising its discretion, the circuit court must determine whether the defendant has established that convenience factors weigh strongly in favor of a dismissal or transfer. Walker v. American River Transportation, 277 Ill.App.3d 87, 214 Ill.Dec. 105, 660 N.E.2d 550 (1996). "`A plaintiff's right to select the forum is a substantial one, and unless the factors weigh strongly in favor of transfer, "the plaintiff's choice of forum should rarely be disturbed."`" Peile, 163 Ill.2d at 337, 206 Ill.Dec. 179, 645 N.E.2d 184, quoting Griffith, 136 Ill.2d at 106, 143 Ill.Dec. 274, 554 N.E.2d 209, quoting Jones v. Searle Laboratories, 93 Ill.2d 366, 372-73, 67 Ill.Dec. 118, 444 N.E.2d 157 (1982). But when the plaintiff does not reside in the forum where he or she filed suit or the injury did not occur in the forum where he or she filed suit, the plaintiff's choice is given less deference. Dykstra v. A.P. Green Industries, Inc., 326 Ill.App.3d 489, 493, 260 Ill.Dec. 261, 760 N.E.2d 1034 (2001). Although the deference accorded to the plaintiff's choice of venue in such instances is less, "less" is not synonymous with "none." Dykstra, 326 Ill.App.3d at 493, 260 Ill.Dec. 261, 760 N.E.2d 1034; Elling v. State Farm Mutual Automobile Insurance Co., 291 Ill.App.3d 311, 318, 225 Ill. Dec. 426, 683 N.E.2d 929 (1997). Regardless of the amount of deference given to the plaintiff's selection of a particular forum, the defendant still bears the burden of showing that the plaintiff's selected forum is inconvenient to the defendant and that another forum is more convenient to all parties. Dykstra, 326 Ill.App.3d at 493, 260 Ill.Dec. 261, 760 N.E.2d 1034.
The battle over forum thus begins with the plaintiff's choice already in the lead. Guerine, 198 Ill.2d at 521, 261 Ill. Dec. 763, 764 N.E.2d 54. "In most instances, the plaintiff's initial choice of forum will prevail, provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum." Peile, 163 Ill.2d at 335-36, 206 Ill.Dec. 179, 645 N.E.2d at 190.
The Illinois Supreme Court recently refined and reaffirmed the doctrine of forum non conveniens in Guerine, which has similarities to this case. In Guerine, a driver's estate and her children, who were represented by their father, filed a complaint in Cook County against the defendant driver for negligent operation of his vehicle and against a manufacturer for the defective design and manufacture of a boat trailer that was being pulled behind the driver's vehicle. The trial court granted the defendants' motion to transfer venue to De Kalb County and the plaintiffs appealed.
The decedent and the plaintiffs resided in Kane County; the defendant driver resided in Cook County; and the defendant manufacturer was a resident of Indiana. The accident occurred in De Kalb County, and after the accident, the decedent was taken to a hospital in De Kalb County. The three police officers who investigated the accident were from De Kalb County.
*329 Of the potential witnesses, three resided in De Kalb County and one in Cook County, and the rest resided in other counties. The defendant driver's vehicle, boat and trailer were stored in De Kalb County. The coroner who performed the decedent's autopsy was from Winnebago County.
In finding that the trial court abused its discretion when it granted the defendants' motion to transfer venue, the Guerine court wrote:
"[W]e hold that a trial court abuses its discretion in granting an intrastate forum non conveniens motion to transfer venue where, as here, the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum, and no single county enjoys a predominant connection to the litigation. The balance of factors must strongly favor transfer of the case before the plaintiff can be deprived of his chosen forum. See Peile, 163 Ill.2d at 345, 206 Ill.Dec. 179, 645 N.E.2d 184. This is not such a case." Guerine, 198 Ill.2d at 526, 261 Ill.Dec. 763, 764 N.E.2d 54.
We will now conduct an examination and balance the private and public interest factors that are applicable to this matter.

A. Private Interest Factors
All of the alleged malpractice occurred in DuPage County. The plaintiffs are residents of DuPage County and most of the defendants are residents of DuPage County. Advocate has a corporate office in Cook County; DuPage Physicians has a registered agent in Cook County; and Dr. Nabulsi currently resides in Texas. Of the 20 potential occurrence witnesses from Good Samaritan and Central DuPage, 11 live in DuPage County, two live in Cook County and the others live in various counties.
On the other side, the plaintiffs filed suit in Cook County and contend that Cook County is a convenient forum. After transferring hospitals, Sophie received extensive treatment at Children's Memorial, which is located in Cook County. Consequently, the plaintiffs aver they will call a number of physicians from Children's Memorial to testify as to causation and damages.
The plaintiffs' attorneys are from Cook County, and all but one of the defendants' attorneys are from Cook County. Although the original sources of proof are located in DuPage County, this does not strongly support transfer because all parties have or will have copies of the relevant medical records. A view of the hospital in the case seems unnecessary. Also, DuPage County and Cook County are in close proximity.
Like Guerine, this case involves parties and witnesses from various counties. Here, as with Guerine, both counties have ties to the case. Although DuPage County has significant ties to this case, Cook County has many ties as well.

B. Public Interest Factors
The alleged malpractice here occurred in DuPage County. The plaintiffs are residents of DuPage County as are most of the defendants. However, Cook County has a legitimate connection to this litigation due to Advocate's residency in Cook County. Cook County's court docket is more congested, however, this is not one of the more significant factors.

C. The Balance of Factors
After weighing the relevant private and public interest factors in this matter, we find that the trial court abused its discretion when it granted the defendants' motion to transfer venue from Cook County. Here, admittedly, DuPage County does have significant ties to this matter; however, the plaintiffs' choice of chosen forum also has significant ties to this litigation *330 as well. "The balance of factors must strongly favor transfer of the case before the plaintiff can be deprived of his chosen forum." Guerine, 198 Ill.2d at 526, 261 Ill.Dec. 763, 764 N.E.2d 54. The balancing of private and public interest factors in this matter weighs against transfer. As such, Cook County is the proper forum for this case.

CONCLUSION
For the foregoing reasons, the decision of the trial court is reversed and this cause is remanded.
Reversed and remanded.
CAMPBELL, P.J., and QUINN, J., concur.