March 11, 1999

NO. 5-98-0092

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

DWAIN NIEPOTTER, JANICE NIEPOTTER,   )  Appeal from the   

JOHN COPELAND, SHIRLEY COPELAND,     )  Circuit Court of 

TIMMY CAMPBELL, GLORI CAMPBELL,      )  Madison County.

JON ANDREW JONES, KATHLEEN JONES,    )

JERRY TROTTER, WILMA TROTTER,        )

MICHAEL ST. JOHN, PAMELA ST. JOHN,   )

GORDON PHILBRICK, JAMIE GOETTER,     )

TONY PALMISANO, WENDL HAYES,         )

MICHAEL BATSON, DAVID HAYES,         )

DAVID SHEETS, HAROLD WELLS, EDWARD   )

OWENS, RANDY WIESE, LARRY FERRY,     )

TERRY WILSON, KENNETH EMMONS, JEFF   )

PRICE, LOREN VERBLE and CARROLL      )

ROBERT,                              )

                                     )

      Plaintiffs-Appellees,          )

                                     )

v.                                   )  Nos. 96-L-785, 96-L-862,

                                     )       97-L-182, & 97-L-238

CENTRAL ILLINOIS PUBLIC SERVICE      )

COMPANY,                             )

                                     )

      Defendant-Appellant,           )

                                     )

and                                  )

                                     )

DOVER ELEVATOR COMPANY,              )  Honorable

                                     )  Nicholas G. Byron,

      Defendant.                     )  Judge, presiding.

_________________________________________________________________

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant Central Illinois Public Service Company (hereinaf­ter CIPS) appeals from the denial of its motion to transfer venue from Madison County to Jasper County on the grounds of 
forum non conveniens
.  Defendant Dover Elevator Company takes no part in this appeal.  We affirm.  

BACKGROUND

On November 15, 1995, 24 boilermakers were on an elevator at the CIPS facility located in Jasper County when it plummeted 15 floors to the ground.  Twenty-three of the workers sustained injuries, the majority of which were serious.  The boiler­makers were at the CIPS facility to do regular mainte­nance during "turn around" time at the plant.  They had been sent to the Jasper County facility by Union Local 363, which is located in Belleville.  There are only one or two "turn around" periods each year; thus, the boilermakers do not work at the Jasper County CIPS facility year-

round.  Numerous lawsuits were filed against both CIPS and defendant Dover Electric Company, the manufacturer of the elevator in question, by both the injured workers and their spouses.  Twenty-two of the injured boilermakers filed suit in Madison County.  However, one plaintiff, Jason Cutsinger, filed suit in Williamson County.

CIPS, pursuant to Supreme Court Rule 384 (137 Ill. 2d R. 384), moved to transfer the Williamson County action to Madison County and consolidate for pretrial proceedings, alleging that the transfer and consolidation to Madison County would be convenient for the parties and witnesses and "would promote the just and efficient conduct of the actions."  On January 21, 1998, the Illinois Supreme Court allowed CIPS's Rule 384 motion to transfer from Williamson County to Madison County and consolidated it with the other pending cases arising from the elevator accident that had been filed in Madison County.  The transfer concerned only pretrial matters.

CIPS filed a motion to transfer venue from Madison County to Jasper County on the basis that neither defendant was a resident of Madison County and that neither defendant does business in Madison County.  The trial court denied this motion because defendant Dover Elevator Company admitted in its answer and amended answer that it was, and still is, doing business in Madison County and is, therefore, a resident of Madison County under the venue statutes.  735 ILCS 5/2-101, 2-202 (West 1992).  We affirmed in an unpublished Rule 23 order (166 Ill. 2d R. 23).  
Niepotter v. Central Illinois Public Service Co.
, No. 5-97-0280 (June 2, 1998).  

Thereafter, CIPS also filed motions to transfer on the grounds of 
forum non conveniens
.  The trial court heard arguments from the parties and ultimately denied CIPS's motion to transfer.  CIPS now appeals.

ANALYSIS

The sole issue before us is whether the trial court abused its discretion when it denied CIPS's motion to transfer under the doctrine of 
forum non conveniens
.  CIPS contends that the trial court abused its discretion because the actions have limited connections to Madison County.  CIPS argues that it would be more convenient and expeditious to resolve this matter in Jasper County, the county in which the accident occurred.  CIPS maintains that the balance of relevant factors we are to consider strongly favors Jasper County.  Plaintiffs respond that the selection of a forum by a plaintiff should not be disturbed unless the factors strongly favor another forum.  Plaintiffs contend that Madison County is a proper forum and that the trial court did not abuse its discretion in denying CIPS's motion to transfer venue on the basis of 
forum non conveni­ens
.  We agree with plaintiffs.

In a 
forum non conveniens
 motion, it is presupposed that more than one forum is proper.  A court in which an action is filed can decline jurisdiction and direct the lawsuit to another forum if it determines that the alternate forum will better serve the convenience of the parties and the ends of justice.  
Peile v. Skelgas, Inc.
, 163 Ill. 2d  323, 645 N.E.2d 184 (1994).  A court's determi­nation of whether to transfer on the basis of 
forum non conveniens
 is a matter of discretion, and absent an abuse of that discretion, the trial court's determination will not be overturned on appeal.  
Peile
, 163 Ill. 2d at 336, 645 N.E.2d at 190.  The doctrine of 
forum non conveniens
 is a flexible one requiring an evaluation of all of the circumstances, rather than a concentration on any one factor.  
Peile
, 163 Ill. 2d at 336-37, 645 N.E.2d at 190.

A plaintiff's right to select a forum is a substantial one, and the plaintiff's choice will not be disturbed unless the factors weigh strongly in favor of transfer.  
Peile
, 163 Ill. 2d at 337, 645 N.E.2d at 191.  Venue is assumed to be convenient if the plaintiff files in his county of residence.  
Peile
, 163 Ill. 2d at 337, 645 N.E.2d at 191.  Similarly, if the county of choice is the situs of the accident or the injury, the plaintiff's choice should be accorded deference because the litigation then has the aspect of a localized controversy.  
Peile
, 163 Ill. 2d at 337, 645 N.E.2d at 191.

To determine if the doctrine of 
forum non conveniens
 applies, the court must balance both the private-interest and public-

interest factors against the substantial deference afforded the plaintiff's forum choice.  
Hefner v. Owens-Corning Fiberglas Corp.
, 276 Ill. App. 3d 1099, 1101, 659 N.E.2d 448, 451 (1995); 
Peile
, 163 Ill. 2d at 337, 645 N.E.2d at 191.  The private-interest factors are those that affect the convenience of the parties and include the ease of access to sources of proof, the availability of witnesses by both compulsive and voluntary means and the costs associated therewith, the location of the situs of the injury should a view become relevant, and "`all other practical problems that make trial of a case easy, expeditious, and inexpensive.'"  
Hefner
, 276 Ill. App. 3d at 1102, 659 N.E.2d at 451, quoting 
Gulf Oil Corp. v. Gilbert
, 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843 (1947).  Other private-interest factors include the plaintiff's residence (
Peile
, 163 Ill. 2d at 337-38, 645 N.E.2d at 191) and the complexity of the litigation (
Mowen v. Illinois Valley Supply Co.
, 257 Ill. App. 3d 712, 717, 629 N.E.2d 176, 178 (1994).  The public-interest factors, which impact upon the court's administration of the case, include court congestion, an interest in having "localized controversies decided at home," and the burden jury duty places upon local citizens in an unrelated forum.  
Gulf Oil Corp.
, 330 U.S. at 509, 91 L. Ed. at 1063, 67 S. Ct. at 843.  

On a motion to transfer under the doctrine of 
forum non conveniens
, the defendant bears the burden to show that the factors weigh so strongly in the defendant's favor that the plaintiff's right to select a forum should be overturned.  
Brown v. Illinois Power Co.
, 269 Ill. App. 3d 1107, 1109, 647 N.E.2d 1112, 1114 (1995), citing 
Griffith v. Mitsubishi Aircraft International, Inc., 
136 Ill. 2d 101, 106, 554 N.E.2d 209, 211 (1990).  The role of this court is not to substitute its judgment for that of the trial court, or even to determine whether the trial court exercised its discretion wisely, but rather our role is to determine whether the trial court abused its discretion.  
Elling v. State Farm Mutual Auto Ins. Co.
, 291 Ill. App. 3d 311, 317, 683 N.E.2d 929, 934 (1997).  In this regard, our supreme court has specifically stated:   "In most instances, the plaintiff's initial choice of forum will prevail, provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum.  If, however, the litigation has no practical connection to the forum, and the defendant establishes the necessary showing under the doctrine, the court should grant the motion for transfer."  
Peile
, 163 Ill. 2d at 335-36, 645 N.E.2d at 190. 

Accordingly, the doctrine defers to the plaintiff's choice unless the defendant can establish that convenience factors weigh strongly in favor of a transfer.  
Griffith
, 136 Ill. 2d at 106, 554 N.E.2d at 211.  We must decide whether the trial court "acted arbitrarily, without employing conscientious judgment, or whether in view of all of the circum­stances, the court exceeded the bounds of reason and ignored recognized princi­ples of law."  
Mowen
, 257 Ill. App. 3d at 714, 629 N.E.2d at 178.  

In the instant case, the trial court specifically stated on the record that in making its determination to deny the motion to transfer venue on the grounds of 
forum non conveniens
, it relied on the factors set forth in 
Peile
.  We note from the outset of our analysis that this case is factually unique from other cases relied upon by CIPS because of the sheer number of plaintiffs involved and the fact that these plaintiffs were working in Jasper County on only a temporary basis, having been sent there by their local union at the request of CIPS.  Seven of the 23 injured ironwork­ers reside in Madison County.  Five of the injured plaintiffs' spouses, who are also plaintiffs in this action, also reside in Madison County.  Two injured plaintiffs reside in St. Clair County, which adjoins Madison County.  Only one plaintiff actually resides in Jasper County.  The remainder of the injured plaintiffs reside in various counties throughout southern Illinois, with no more than two plaintiffs residing in any one county.  Of the 140 medical providers who have rendered services to plaintiffs due to injuries caused by this accident, a majority reside in St. Louis, Missouri, Madison County, Illinois, and St. Clair County, Illinois.  Specifically, 60 are from St. Louis, which is directly across the river from Madison County, 19 are from Madison County, and 5 are from St. Clair County, which adjoins Madison County.  The trial court noted the ease of accessibility to Madison County for witnesses who may travel by air.  Madison County is in close proximity to Lambert International Airport in St. Louis.  Jasper County is not close to any major airport.

As for a jury view of the accident scene, the trial court noted that it was unlikely that this would be necessary.  The trial court's conclusion was based in large part upon its own experience.  The trial court stated on the record that, apart from demolition cases, it had only been involved in one trial in which the jury visited the scene.  It is also noteworthy to mention that this is an elevator accident, and the elevator involved in the accident has since been fixed.  Therefore, a view of the accident scene might be of little assistance to a jury.  Moreover, videotapes made shortly after the accident and before the elevator was fixed might prove to be more probative than an actual view of the scene.  

The trial judge was most impressed with plaintiff's exhibit number 2, a map of Illinois and neighboring St. Louis, Missouri, which utilizes a color coding system to show where witnesses are located throughout the Illinois and St. Louis regions.  The map shows where plaintiffs reside and where other witnesses, including medical providers, CIPS employees, and experts, are located.  After viewing the exhibit, the trial court found the largest cluster of witnesses in the Madison County region.  Our own review of this map shows that the trial court was correct.

As for public-interest factors, the most important aspect of this case is that seven of the injured plaintiffs actually reside in Madison County.  Madison County, therefore, has an interest in this case, and it cannot be said to be an unrelated forum.  Accordingly, it would not be unfair to the citizens of Madison County to have to sit upon a jury to decide the issues involved in this case.  See 
Gulf Oil Corp.
, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843.

Additionally, plaintiffs point out that Jasper County did not try any cases to verdict in 1995 or 1996 but that Madison County tried 45 major civil cases to verdict in 1995 and 52 major civil cases to verdict in 1996.  While the trial court was quick to point out that the judiciary of Jasper County could handle this type of complex litigation, it is clear that Jasper County has less experience in this area, whereas Madison County is well versed in such matters.  On the other hand, CIPS points out that there are well in excess of 4,000 cases pending in Madison County, whereas only 10 such cases are pending in Jasper County.  We agree that Madison County dockets are more congested; however, we do not believe that this warrants transferring the case to Jasper County, particularly since evidence was submitted that civil case filings are down in Madison County.  For example, in 1995, 1,675 cases were filed, but in 1996, only 866 major civil cases were filed.  As of October 17, 1997, 899 major civil cases had been filed.

Another important consideration in this case is that CIPS previously declared Madison County a convenient forum for purposes of this litigation.  CIPS successfully sought the transfer of the Cutsinger case from Williamson County to Madison County on the basis that Madison County was more convenient.  We are cognizant of the fact that the transfer and consolidation of the Cutsinger case was narrow, in that it only covered pretrial proceedings; nevertheless, we believe that CIPS's admission in that motion that Madison County would be convenient for the parties and the witnesses and would promote the just and efficient conduct of the actions is signifi­cant.

Oftentimes, plaintiffs are criticized for "forum shopping."  However, any abuse in this case appears to be committed not by plaintiffs, but by CIPS.  The instant case amounts to nothing more than "a battle over 
minutiae
" (
Peile
, 163 Ill. 2d at 335, 645 N.E.2d at 190, citing 
Peile v. Skelgas, Inc.
, 242 Ill. App. 3d 500, 521, 610 N.E.2d 813, 829 (W. Lewis, J., specially concurring)), and it has consumed too much court time already while the injured parties await the disposition of the real issues in this case.  
Peile
 reiterated that the doctrine of 
forum non conveniens
 is "designed to give the courts `discretionary power which should be exercised 
only in exceptional circumstances
 when it has been shown that the interests of justice require a trial in a more convenient forum.'"  (Emphasis in original.)  
Peile
, 163 Ill. 2d at 335, 645 N.E.2d at 190, citing 
Torres v. Walsh
, 98 Ill. 2d 338, 346, 456 N.E.2d 601 (1983).  Exceptional circumstances do not exist herein.

We find that the trial court was correct to let plaintiffs' initial choice of forum prevail.  The inconvenience factors attached to Madison County do not outweigh plaintiff's substantial right to try the case in his chosen forum.  This litigation has a sufficient connection to Madison County to warrant its being tried there.  Accordingly, we cannot say the trial court acted arbitrarily, without employing conscientious judgment, or otherwise ignored recognized principles of law. 

For the foregoing reasons, the order of the circuit court of Madison County is hereby affirmed.

Affirmed.

WELCH and KUEHN, JJ., concur.