(text box: 1) NO. 5-01-0112

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

CORNELIUS C. DYKSTRA, )  Appeal from the

)  Circuit Court of

Plaintiff-Appellee, )  Madison County.  

)

v. )  No. 00-L-1235

)

A.P. GREEN INDUSTRIES, INC., A.W. CHESTERTON, INC., ) 

ABEX CORPORATION, as Predecessor to the PNEUMO ABEX ) 

CORPORATION, AC&S, INC., ALLIED SIGNAL, INC., as a )  

Successor Corporation to ALLIED CORPORATION and Successor )

in Interest to NORTH AMERICAN REFRACTORIES COMPANY )

and BENDIX, ARMSTRONG WORLD INDUSTRIES, INC., )

BONDEX INTERNATIONAL, BRAUER SUPPLY COMPANY, )

CAFCO, INC., a Division of ISOLATEK INTERNATIONAL, )

COMBUSTION ENGINEERING, INC., CORHART )

REFRACTORIES, DELCO-MORAINE, a Division of GENERAL )

MOTORS CORPORATION, SURABLA MANUFACTURING )

COMPANY, FIBREBOARD CORPORATION, FLEXITALLIC )

GASKET CO., INC., THE FLINTKOTE COMPANY, FOSTER )

WHEELER ENERGY CORPORATION, GAF CORPORATION, )

GARLOCK, INC., GENERAL ELECTRIC COMPANY, GENERAL)

GASKET CORPORATION, GENERAL REFRACTORIES )

COMPANY, GEORGIA-PACIFIC CORPORATION, GRIMES )

AEROSPACE COMPANY, d/b/a SURFACE COMBUSTION, )

HARBISON-WALKER REFRACTORIES, INDUSTRIAL )

HOLDINGS CORPORATION, f/k/a THE CARBONDUM )

CORPORATION, INGERSOLL-RAND COMPANY, J.P. )

BUSHNELL PACKING, JOHN CRANE, INC., KAISER )

REFRACTORIES, a Division of KAISER ALUMINUM & )

CHEMICAL CORPORATION, METROPOLITAN LIFE )

INSURANCE COMPANY, MINNESOTA MINING & )

MANUFACTURING COMPANY, NORTH AMERICAN )

REFRACTORIES COMPANY, OWENS-ILLINOIS, INC., )

PLIBRICO COMPANY, RAPID AMERICAN CORPORATION, )

as Successor in Interest to PHILIP CAREY CORPORATION, )

RILEY STOKER CORPORATION, SAGER CORPORATION, )

SIDENER SUPPLY COMPANY, SPRINKMANN SONS )

CORPORATION OF ILLINOIS, STANDARD INSULATION, )

INC., T & N, p.l.c., THERMIC REFRACTORIES, INC., a/k/a )

MORGAN CRUCIBLE COMPANY, UNIROYAL, INC., )

VIACOM, INC., as Successor by Merger to CBS CORPORATION, )

f/k/a WESTINGHOUSE ELECTRIC CORPORATION, UNITED )

STATES GYPSUM COMPANY, W.R. GRACE & CO., and )

YOUNG INSULATION GROUP OF ST. LOUIS, INC., )

)

Defendants, )

and )

)

BURNS INTERNATIONAL SECURITY CORPORATION, f/k/a )

BORG-WARNER and BORG-WARNER CORPORATION, )

CERTAIN-TEED CORPORATION, PFIZER, INC., QUIGLEY )

COMPANY, INC., and UNION CARBIDE CORPORATION, )  Honorable

)   Nicholas G. Byron,

Defendants-Appellants. )  Judge, presiding.  

___________________________________________________________________________

JUSTICE GOLDENHERSH delivered the opinion of the court:  

The instant litigation arises out of the choice of forum selected by Cornelius C. Dykstra (plaintiff) for his lawsuit against numerous asbestos manufacturers, sellers, and distributors.  Burns International Security Corp., formerly known as Borg-Warner and Borg-Warner Corp. (Burns), Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company, Inc. (Flexitallic), Certain-Teed Corp. (Certain-Teed), Pfizer, Inc. (Pfizer), Quigley Company, Inc. (Quigley), T&N, p.l.c. (T&N), United States Gypsum Company, and Union Carbide Corp. (Union Carbide) filed this interlocutory appeal pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)), contending that the trial court's denial of the motion to dismiss or transfer venue under the doctrines of interstate 
forum non conveniens
 or intrastate 
forum non conveniens
 was an abuse of discretion because there are no ties between plaintiff and Madison County.  United States Gypsum Company was originally part of the group of the defendants actively challenging plaintiff's choice of forum, but it was severed from this appeal when it filed for bankruptcy protection.  During oral argument on this matter, Flexitallic and T&N were also severed from this appeal when it was learned that they, too, had filed for bankruptcy protection.  For the following reasons, we affirm the order of the circuit court of Madison County.    

BACKGROUND

On December 5, 2000, plaintiff filed the instant litigation against more than 50 defendants.  He claimed that he was exposed to asbestos-containing products which were manufactured, sold, and/or distributed by said defendants.  Plaintiff suffers from malignant mesothelioma, a rapidly spreading and inevitably fatal cancer.  Because plaintiff is not expected to live long, he also filed a motion to expedite the trial.  On January 12, 2001, the trial court granted plaintiff's motion to expedite the trial and set a trial date of May 7, 2001.

On January 29, 2001, AC&S, Inc. (AC&S), filed a motion to dismiss or transfer venue, requesting that the case be transferred to Cook County or dismissed and refiled in Indiana, on the grounds of 
forum non conveniens
.  Not even half of the original defendants joined this motion.  In support of the motion to dismiss or transfer venue, the moving defendants pointed to plaintiff's answers to interrogatories and to plaintiff's deposition, in which plaintiff stated that he was exposed to asbestos in Cook County, Illinois, and Lake County, Indiana, only.  Plaintiff identified his coworkers, all of whom reside in Indiana, except for his son, James, who resides in Minnesota.  Plaintiff identified his treating physicians, all of whom practice in either Chicago or Indiana. 

       On February 22, 2001, a hearing was held on the motion.  The instant matter was heard, along with three other similar motions concerning Illinois asbestos plaintiffs.  The movants proceeded solely under the theory that the instant case has no factual connection to Madison County.  They failed to offer any evidence concerning the convenience, costs, or experience of either Cook County, Illinois, or Lake County, Indiana, in dealing with asbestos litigation.  Defense counsel who argued the motion alleged that Cook County could try this case within six months of a transfer, possibly even three or four months, but he failed to offer any affidavits from court administrators.  He simply alleged that someone from his law firm had made inquiries to certain courts.  The movants did not offer any evidence as to why it would be more convenient for them to try the case in Cook County rather than in Madison County.  While the trial court was aware that Cook County has an asbestos docket, neither the trial court nor the parties knew if Lake County, Indiana, had a similar court.  The defense attorney admitted that no one had "done any investigation as to the Indiana court's ability to hear this [case] upon transfer."  

On the other hand, plaintiff asked the trial court to take judicial notice of numerous factors that make Madison County an efficient forum in which to try an asbestos case. Plaintiff supplied the trial court with statistical evidence that it takes eight months longer to get a case to trial in Cook County than it does in Madison County.  Plaintiff pointed out that Madison County has established procedures for processing asbestos litigation quickly and efficiently, including a standing order that came about through the collaboration of plaintiff's attorneys, defense attorneys, and the circuit court, as well as a central records depository, which contains all the documentation necessary for the liability phase of an asbestos trial.   After hearing all the evidence and arguments of the parties, the trial court noted that it had "serious reservations about the Indiana resident."  The trial court stated that if it could be certain that plaintiff would receive a fair and speedy trial within 60 to 90 days, it would transfer the case to Indiana, but because no such evidence had been presented, the trial court denied the motion to dismiss or transfer venue, specifically relying on 
Hefner v. Owens-Corning Fiberglas Corp.
, 276 Ill. App. 3d 1099, 659 N.E.2d 448 (1995).  Defense counsel asked the trial court to take plaintiff's case under advisement for five to seven days to give the movants time to get an affidavit from Cook County or Lake County or both.  The trial court directed defense counsel to obtain an affidavit and then file a motion to reconsider.  The movants failed to obtain said affidavit and failed to file a motion to reconsider.

AC&S immediately filed a petition for leave to appeal to this court pursuant to Supreme Court Rule 306(a)(2) and a motion for a supervisory order with our supreme court pursuant to Supreme Court Rule 383 (155 Ill. 2d R. 383).  North American Refractories Company and Allied-Signal, Inc., joined in that appeal.  On March 15, 2001, our supreme court entered a supervisory order directing us to allow the interlocutory appeal in this case, which it later declared applicable to all the defendants.  AC&S, North American Refractories Company, and Allied-Signal, Inc., later withdrew their appeal.  The record here indicates that the only defendants actively appealing are Burns, Certain-Teed, Pfizer, Quigley, and Union Carbide (defendants).

ANALYSIS

On appeal, defendants contend that the trial court abused its discretion when it denied the motion to dismiss or transfer venue under the doctrine of 
forum non conveniens
 because  Madison County has no connection to this litigation.  Defendants note that plaintiff is a not a resident of Madison County, never received treatment in Madison County, and was not exposed to asbestos in Madison County.  Defendants insist that no reasonable person would conclude that this case should be filed in Madison County.  We disagree.

The doctrine of 
forum non conveniens
 presupposes the existence of more than one forum having jurisdiction and venue.  It is well-settled that a plaintiff has a substantial right in selecting the forum in which to commence his or her cause of action.  
Peile v. Skelgas Inc.
, 163 Ill. 2d 323, 337, 645 N.E.2d 184, 191 (1994).  If the plaintiff does not reside in the county where he filed suit or if the accident did not occur in the county where he filed suit, his choice of forum is given less deference.  
Whirlpool Corp. v. Certain Underwriters at Lloyd's London
, 295 Ill. App. 3d 828, 836-37, 692 N.E.2d 1229, 1235-36 (1998).  However, it is important to remember that less deference is not synonymous with no deference.  Regardless of the deference given to the plaintiff's right to select a forum, the defendant still bears the burden of showing that the plaintiff's chosen forum is inconvenient to the defendant and that another forum is more convenient to all the parties.  
Whirlpool Corp.
, 295 Ill. App. 3d at 837, 692 N.E.2d at 1236.  The standard of review is whether the trial court abused its discretion in denying the defendant's motion to dismiss or transfer on the basis of 
forum non conveniens
.  
Peile
, 163 Ill. 2d at 336, 645 N.E.2d at 190.

In determining whether a defendant has met its burden to show that the plaintiff's chosen forum is inconvenient and another forum is more convenient, a court is to consider several private- and public-interest factors.  The analysis is the same in both interstate and intrastate situations.  
Turner v. Jarden
, 275 Ill. App. 3d 890, 894-95, 656 N.E.2d 1125, 1128 (1995).  Private-interest factors include:  "(1) the relative ease of access to sources of proof, (2) the accessibility of witnesses, (3) the possibility of a jury view of the premises, and (4) all other practical problems that make a trial of a case easy, expeditious, and inexpensive."  
Roberts v. Illinois Power Co.
, 311 Ill. App. 3d 458, 460-61, 723 N.E.2d 1180, 1182 (2000).  Public-interest factors include the following:  "(1) having localized controversies decided in the local forum, (2) the administrative concerns, including the congestion of court dockets, and (3) the imposition of jury duty upon *** a county with little or no connection to the litigation."  
Roberts
, 311 Ill. App. 3d at 461, 723 N.E.2d at 1182.  In order to transfer the cause of action from the forum of the plaintiff's choice, a defendant must show that the relevant factors strongly favor transfer.  
Roberts
, 311 Ill. App. 3d at 461, 723 N.E.2d at 1182.

In 
Hefner v. Owens-Corning Fiberglas Corp.
, 276 Ill. App. 3d 1099, 659 N.E.2d 448 (1995), this court addressed similar circumstances.  While defendants recognize the applicability of 
Hefner
 to the instant case, they contend that 
Hefner
 "is logically flawed and should be discarded."  Defendants cite to supervisory orders entered by our supreme court that ordered cases transferred from Madison County, in support of their allegation that the trial judge in the instant case has unique views on 
forum non conveniens
 law that run contrary to established rulings.  However, the record here reflects that the trial judge handled the matter appropriately.  

There were four separate cases before the trial court in which AC&S sought a transfer or a dismissal on the basis on 
forum non conveniens
.  The attorney for AC&S explained that he could argue all four matters simultaneously but that each case was "a little bit different."  The trial court specifically stated that it wanted to know what the differences were because those differences could affect the ruling.  The trial judge stated, "I'm not saying, you know, I would deny your motion[,] because I think there are some situations where 
forum non conveniens
 is certainly an appropriate motion."  The trial court was cognizant that each case must be considered separately and that it must balance the private-interest factors affecting the convenience of the parties and the public-interest factors affecting the court's administration.  

A review of 
Hefner
 shows that it is precedent that controls our decision in this case, and we are unconvinced by defendants' arguments to the contrary.  In 
Hefner
, the plaintiff suffered from mesothelioma and brought a products liability action in Madison County against the manufacturer of asbestos-containing products to which he had been exposed.  The manufacturer filed a motion to transfer the action under the doctrine of 
forum non conveniens
.  The trial court denied the motion.  As in the instant case, the plaintiff never lived or worked in Madison County, he was not exposed to asbestos in Madison County, and most potential witnesses were not from Madison County.  
Hefner
, 276 Ill. App. 3d at 1100-01, 659 N.E.2d at 451.  Specifically, the plaintiff's asbestos exposure occurred in Massac County, his family physician's office was located in Massac County, and the plaintiff lived in Pulaski County, which is adjacent to Massac County.  All physicians treating the plaintiff's mesothelioma were located in Paducah, Kentucky, and most expert witnesses were located out of state.  
Hefner
, 276 Ill. App. 3d at 1101, 659 N.E.2d at 451.

In denying the manufacturer's motion to transfer, the 
Hefner
 court specifically stated as follows:

"While the county where the injury occurred generally has a strong interest in the outcome of litigation, this general rule does not necessarily apply to cases involving complex products liability issues.  [Citation.]  The trial court noted that due to the nature of asbestos litigation, this case is not truly connected to any one county and has nationwide implications."  
Hefner
, 276 Ill. App. 3d at 1106, 659 N.E.2d at 454.

In 
Hefner
, this court applied the public- and private-interest factors, specifically noting that because of their locations, virtually all of the manufacturer's witnesses would be required to travel to court regardless of the venue (276 Ill. App. 3d at 1104, 659 N.E.2d at 453) and that Madison County had special procedures established for asbestos cases and could conduct a more expeditious trial (
Hefner
, 276 Ill. App. 3d at 1105-06, 659 N.E.2d at 454).  The 
Hefner
 court concluded that considering the supreme court's continued emphasis that a plaintiff's choice of forum should be granted deference, the manufacturer did not sustain its burden and the trial court did not abuse its discretion by denying the manufacturer's motion to transfer under the doctrine of 
forum non conveniens
.  
Hefner
, 276 Ill. App. 3d at 1108, 659 N.E.2d at 455.  

In the instant case, private-interest factors justify remaining in Madison County and do not strongly favor Cook County, Illinois, or Lake County, Indiana.  First, the accessibility to witnesses and sources of proof are similar to those in 
Hefner
.  The fact that some of plaintiff's treating physicians reside in Cook County, Illinois, or Lake County, Indiana, in no way significantly credits defendants' burden of showing either of these counties to be a more convenient forum.  Plaintiff's coworkers are listed as potential witnesses, but the record does not include the addresses of these witnesses and, therefore, lacks support that these witnesses actually reside in Lake County, Indiana.  The record is also devoid of evidence that any of these witnesses would actually be called at the trial.  Many experts would be utilized by the parties, and most would be required to travel to court regardless of the venue.  Second, given the fact that plaintiff's alleged exposure to asbestos occurred over a period of years beginning in 1947 while he worked as a carpenter at various locations throughout Illinois and Indiana, it is fair to assume that the sites have been altered and that a view would not be helpful to the jury.  Finally, the trial court properly considered Madison County's ability to try an asbestos case in an expeditious and easy manner.  

In 
Hefner
, this court recognized Madison County's established "administrative plan and special procedures to swiftly handle and try asbestos cases," including "the availability of records at the Madison County Central Records Depository."  
Hefner
, 276 Ill. App. 3d at 1105, 659 N.E.2d at 454.  Here, plaintiff provided the trial court with statistical data compiled by the Administrative Office of the Illinois Courts and an array of information concerning the ability of the Madison County courts to handle the complexity of asbestos litigation.  Defendants failed to present evidence that either Cook County, Illinois, or Lake County, Indiana, could try the matter with the same expediency or ease as Madison County.

With regard to the public-interest factors, defendants rely most heavily on the fact that Madison County has no connection to this case.  However, defendants did not assert that this was an improper venue but, rather, filed a motion to dismiss or transfer on the basis of 
forum non conveniens
.  The fact that Madison County has little to no connection to this controversy does not relieve defendants of the burden of showing that this forum is inconvenient and that another forum is convenient to all the parties.  See 
Whirlpool Corp.
, 295 Ill. App. 3d at 837, 692 N.E.2d at 1236.  The trial court did not believe that this case would unduly burden the citizens of Madison County, and it was in a better position than this court to assess this case's burden on its docket.  See 
Hefner
, 276 Ill. App. 3d at 1106, 659 N.E.2d at 454.  The trial court specifically stated, with regard to the Madison County docket, "[I]f we have congestion, it's certainly not asbestos [cases]."  Moreover, as previously pointed out, because of the nature of asbestos litigation, this controversy is not truly connected to any one county but has nationwide implications.  
Hefner
, 276 Ill. App. 3d at 1106, 659 N.E.2d at 454.

A plaintiff's right to choose a forum is a substantial one, and that choice should rarely be disturbed.  
Griffith v. Mitsubishi Aircraft International, Inc.
, 136 Ill. 2d 101, 106, 554 N.E.2d 209, 211 (1990).  Plaintiff was allegedly exposed to asbestos in Illinois and should not be denied access to Illinois's courts.  Plaintiff suffers from an inevitably fatal disease and has a right to testify at the trial.  As plaintiff pointed out, five of the defendants in this case are Illinois corporations who are not appealing the trial court's ruling on the issue of 
forum non conveniens.
  The burden was on defendants to show why Madison County was inconvenient and why another forum was significantly more convenient.  The record here shows that defendants did virtually nothing in this regard.  Furthermore, defendants have failed to convince us that the 
Hefner
 court's analysis was defective or that the interests of justice require transfer.  Accordingly, in light of this court's ruling in 
Hefner
, we cannot say that the trial court abused its discretion in denying defendants' motion to dismiss or transfer under the doctrines of interstate 
forum non conveniens
 or intrastate 
forum non conveniens
.  For the foregoing reasons, the order of the circuit court of Madison County is hereby affirmed.  

Affirmed.  

MAAG, P.J., and HOPKINS, J., concur.

NO. 5-01-0112

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

CORNELIUS C. DYKSTRA, )  Appeal from the

)  Circuit Court of

Plaintiff-Appellee, )  Madison County.  

)

v. )  No. 00-L-1235

)

A.P. GREEN INDUSTRIES, INC., A.W. CHESTERTON, INC., ) 

ABEX CORPORATION, as Predecessor to the PNEUMO ABEX ) 

CORPORATION, AC&S, INC., ALLIED SIGNAL, INC., as a )  

Successor Corporation to ALLIED CORPORATION and Successor )

in Interest to NORTH AMERICAN REFRACTORIES COMPANY )

and BENDIX, ARMSTRONG WORLD INDUSTRIES, INC., )

BONDEX INTERNATIONAL, BRAUER SUPPLY COMPANY, )

CAFCO, INC., a Division of ISOLATEK INTERNATIONAL, )

COMBUSTION ENGINEERING, INC., CORHART )

REFRACTORIES, DELCO-MORAINE, a Division of GENERAL )

MOTORS CORPORATION, SURABLA MANUFACTURING )

COMPANY, FIBREBOARD CORPORATION, FLEXITALLIC )

GASKET CO., INC., THE FLINTKOTE COMPANY, FOSTER )

WHEELER ENERGY CORPORATION, GAF CORPORATION, )

GARLOCK, INC., GENERAL ELECTRIC COMPANY, GENERAL)

GASKET CORPORATION, GENERAL REFRACTORIES )

COMPANY, GEORGIA-PACIFIC CORPORATION, GRIMES )

AEROSPACE COMPANY, d/b/a SURFACE COMBUSTION, )

HARBISON-WALKER REFRACTORIES, INDUSTRIAL )

HOLDINGS CORPORATION, f/k/a THE CARBONDUM )

CORPORATION, INGERSOLL-RAND COMPANY, J.P. )

BUSHNELL PACKING, JOHN CRANE, INC., KAISER )

REFRACTORIES, a Division of KAISER ALUMINUM & )

CHEMICAL CORPORATION, METROPOLITAN LIFE )

INSURANCE COMPANY, MINNESOTA MINING & )

MANUFACTURING COMPANY, NORTH AMERICAN )

REFRACTORIES COMPANY, OWENS-ILLINOIS, INC., )

PLIBRICO COMPANY, RAPID AMERICAN CORPORATION, )

as Successor in Interest to PHILIP CAREY CORPORATION, )

RILEY STOKER CORPORATION, SAGER CORPORATION, )

SIDENER SUPPLY COMPANY, SPRINKMANN SONS )

CORPORATION OF ILLINOIS, STANDARD INSULATION, )

INC., T & N, p.l.c., THERMIC REFRACTORIES, INC., a/k/a )

MORGAN CRUCIBLE COMPANY, UNIROYAL, INC., )

VIACOM, INC., as Successor by Merger to CBS CORPORATION, )

f/k/a WESTINGHOUSE ELECTRIC CORPORATION, UNITED )

STATES GYPSUM COMPANY, W.R. GRACE & CO., and )

YOUNG INSULATION GROUP OF ST. LOUIS, INC., )

)

Defendants, )

and )

)

BURNS INTERNATIONAL SECURITY CORPORATION, f/k/a )

BORG-WARNER and BORG-WARNER CORPORATION, )

CERTAIN-TEED CORPORATION, PFIZER, INC., QUIGLEY )

COMPANY, INC., and UNION CARBIDE CORPORATION, )  Honorable

)  Nicholas G. Byron, 

Defendants-Appellants. )  Judge, presiding.  

___________________________________________________________________________

Opinion Filed
: December 11, 2001

___________________________________________________________________________

Justices
: Honorable Richard P. Goldenhersh, J.

Honorable Gordon E. Maag, P.J., and

Honorable Terrence J. Hopkins, J.,

Concur

___________________________________________________________________________

Attorneys
 Heyl, Royster, Voelker & Allen, Karen L. Kendall, Brad A. Elward,

for
 Suite 600, Bank One Building, 124 S.W. Adams Street, Peoria, IL 

Appellants
 61602; Robert H. Shultz, Jr., Kent L. Plotner, Jennifer B. Johnson, 

Suite 100, 103 N. Main Street, P.O. Box 467, Edwardsville, IL  62025

Attorneys for Certain-teed Corp., Pfizer, Inc., T&N p.l.c., Quigley Co.,

and United States Gypsum Co. 

___________________________________________________________________________

Attorneys
 John Simmons, Marcus E. Raichle, Jr., Randall A. Bono, The Simmons 

for
 Firm, LLC, 301 Evans Avenue, Suite 300, P.O. Box 559, Wood River,

Appellee
 IL  62095  Attorneys for Cornelius C. Dykstra

___________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 12/11/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.