JOSHUA R. BIRD, Plaintiff-Appellee, v. LUHR BROTHERS, INC., Defendant-Appellant.

Fifth District   No. 5—01—0113

Opinion filed October 29, 2002.

Floyd E. Crowder and Timothy A. Gutknecht, both of Crowder & Scoggins, Ltd., of Columbia, for appellant.

Bruce R. Cook and Mary M. Brauer, both of Cook, Ysursa, Bartholomew, Brauer & Shevlin, Ltd., of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

This is an appeal from an order of the circuit court denying the

motion of Luhr Brothers, Inc. (defendant), to dismiss or transfer on the grounds of *forum non conveniens* pursuant to Supreme Court Rule 187 (134 Ill. 2d R. 187). The sole issue for review is whether the circuit court abused its discretion in denying defendant's motion. We affirm and remand.

On January 7, 2000, the M/V Mary B and her crew were performing dredging operations in the waters of the Ohio River, at mile 973, between Pulaski County, Illinois, and Ballard County, Kentucky, on the Kentucky side of the river. Joshua R. Bird (plaintiff) was a member of that crew. Plaintiff alleges that he suffered a serious injury on the vessel when he slipped in fuel that had accumulated during refueling. He received immediate medical treatment in Cape Girardeau, Missouri. He received subsequent medical treatment in St. Louis, Missouri; Randolph County, Illinois; Perry County, Illinois; and St. Clair County, Illinois. Plaintiff is a resident of Perry County, Illinois. Defendant, plaintiff's employer, is a corporate citizen of the State of Illinois, with its principal place of business in Monroe County, Illinois.

On May 23, 2000, plaintiff filed suit in St. Clair County, Illinois, alleging a cause of action against defendant under the Jones Act (46 U.S.C. § 688 *et seq.* (2000)). On June 23, 2000, defendant filed a *forum non conveniens* motion to dismiss pursuant to Supreme Court Rule 187 (134 Ill. 2d R. 187) and an alternative motion to transfer venue. The trial court denied defendant's motions to dismiss or transfer. Defendant appeals pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)), contending that the trial court abused its discretion in refusing to dismiss or transfer venue.

While conceding that jurisdiction and venue are proper in St. Clair County, defendant contends that St. Clair County is not a convenient forum to litigate plaintiff's claim. Defendant claims that no significant connection exists between plaintiff's chosen forum and the litigation and that a dismissal or transfer is therefore warranted based on private- and public-interest factors. Defendant contends that convenience factors favor an interstate transfer to Ballard County, Kentucky, or in the alternative an intrastate transfer to Pulaski County, Illinois. We disagree and affirm the decision of the trial court.

■ *Forum non conveniens* is " 'founded in considerations of fundamental fairness and sensible and effective judicial administration.' " *First American Bank v. Guerine*, 198 Ill. 2d 511, 515, 764 N.E.2d 54, 57 (2002), quoting *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514, 301 N.E.2d 729, 730 (1973). The doctrine provides that a court " 'may decline to exercise jurisdiction over a case properly before it, whenever it appears that there is another forum that can better serve the convenience of the litigants and promote the

ends of justice.' " *Lambert v. Goodyear Tire & Rubber Co.*, 332 Ill. App. 3d 373, 377, 773 N.E.2d 133, 137 (2002), quoting *Horn v. Rincker*, 84 Ill. 2d 139, 149, 417 N.E.2d 1329, 1334 (1981). Accordingly, the doctrine presupposes the existence of more than one proper forum with jurisdiction over a plaintiff's cause of action. *Niepotter v. Central Illinois Public Service Co.*, 303 Ill. App. 3d 632, 635, 707 N.E.2d 1278, 1280 (1999).

■ There are two potential applications of *forum non conveniens* in Illinois: interstate *forum non conveniens* and intrastate *forum non conveniens*. *Lambert*, 332 Ill. App. 3d at 377, 773 N.E.2d at 137. The interstate branch of *forum non conveniens* considers whether Illinois is an appropriate state in which to litigate the controversy, and the intrastate branch of the doctrine considers whether the cause is being litigated in the most convenient county within Illinois. *Lambert*, 332 Ill. App. 3d at 377-78, 773 N.E.2d at 137, citing 3 R. Michael, Illinois Practice § 14.1 (1989). The Illinois Supreme Court has instructed that the same considerations of convenience and fairness apply equally when deciding motions based on interstate *forum non conveniens* or intrastate *forum non conveniens*. See *Torres v. Walsh*, 98 Ill. 2d 338, 456 N.E.2d 601 (1983). However, for the purpose of deciding interstate *forum non conveniens* motions, a plaintiff's home forum is the *state* in which he or she lives, not the specific *county* of residence. *Gridley v. State Farm Mutual Automobile Insurance Co.*, 329 Ill. App. 3d 422, 429-30, 767 N.E.2d 896, 903 (2002), relying on *Simantz v. Prime Motor Inns, Inc.*, 213 Ill. App. 3d 813, 817, 573 N.E.2d 234, 236 (1991); see also *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 553-54, 607 N.E.2d 214, 216 (1992).

■ Whether a dismissal or transfer on the basis of *forum non conveniens* is warranted lies within the sound discretion of the circuit court. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336, 645 N.E.2d 184, 190 (1994). The circuit court's decision to either grant or deny a defendant's *forum non conveniens* motion will not be overturned absent an abuse of discretion. *Peile*, 163 Ill. 2d at 336, 645 N.E.2d at 190. The role of the appellate court is not to substitute its judgment for that of the trial court or even to determine whether the trial court exercised its discretion wisely; but rather, its role is to determine whether the trial court abused its discretion. *Niepotter*, 303 Ill. App. 3d at 636, 707 N.E.2d at 1281. An abuse of discretion occurs when the circuit court acts arbitrarily, fails to employ conscientious judgment, and ignores recognized principles of law. *Hernandez v. Karlin Foods Corp.*, 322 Ill. App. 3d 805, 807-08, 751 N.E.2d 27, 29-30 (2001).

■ In exercising its discretion, the circuit court must determine whether the defendant has established that convenience factors weigh

strongly in favor of a dismissal or transfer. *Walker v. American River Transportation*, 277 Ill. App. 3d 87, 89, 660 N.E.2d 550, 552 (1996), citing *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 106, 554 N.E.2d 209, 211 (1990). The Illinois Supreme Court has recently reiterated that the factors which guide the Illinois courts' consideration of convenience fall into two categories: the private interests of the litigants and the interests of the public. *Guerine*, 198 Ill. 2d at 516, 764 N.E.2d at 58. The private-interest factors include the following: (1) the convenience of the litigants, (2) the relative ease of access to sources of testimonial, documentary, and real evidence, and (3) all other practical problems that make the trial of a case easy, expeditious, and inexpensive—*e.g.*, the availability of compulsory process to secure the attendance of unwilling witnesses, the cost to obtain the attendance of willing witnesses, and the ability to view the premises where appropriate. *Guerine*, 198 Ill. 2d at 516, 764 N.E.2d at 58; see *Griffith*, 136 Ill. 2d at 105-06; *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 224, 506 N.E.2d 1291 (1987). The public-interest factors include the following: (1) the interest in deciding localized controversies locally, (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation, and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested jurisdictions. *Guerine*, 198 Ill. 2d at 516-17, 764 N.E.2d at 58; see *Griffith*, 136 Ill. 2d at 105-06, 554 N.E.2d at 211.

Additionally, as the supreme court has repeatedly emphasized: " 'A further consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum. A plaintiff's right to select the forum is a substantial one, and unless the factors weigh strongly in favor of transfer, "the plaintiff's choice of forum should rarely be disturbed." ' " *Peile*, 163 Ill. 2d at 337, 645 N.E.2d at 191, quoting *Griffith*, 136 Ill. 2d at 106, 554 N.E.2d at 211, quoting *Jones v. Searle Laboratories*, 93 Ill. 2d 366, 372-73, 444 N.E.2d 157, 160 (1982). But when the plaintiff does not reside in the forum where he or she filed suit or the accident did not occur in the forum where he or she filed suit, the plaintiff's choice is given less deference. *Dykstra v. A.P. Green Industries, Inc.*, 326 Ill. App. 3d 489, 493, 760 N.E.2d 1034, 1037 (2001). Although the deference accorded to the plaintiff's choice of venue in such instances is less, less is not synonymous with none. *Dykstra*, 326 Ill. App. 3d at 493, 760 N.E.2d at 1037; *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 318, 683 N.E.2d 929, 934 (1997). Regardless of the amount of deference given to the plaintiff's selection of a particular forum, the defendant still bears the burden of showing that the plaintiff's selection of the forum

is inconvenient to the defendant and that another forum is more convenient to all parties. *Dykstra*, 326 Ill. App. 3d at 493, 760 N.E.2d at 1038. Furthermore, a "defendant seeking transfer from a forum that bears no practical connection to the litigation still shoulders the responsibility of meeting this burden under the doctrine." *Walker*, 277 Ill. App. 3d at 89, 660 N.E.2d at 552.

The battle over forum thus begins with the plaintiff's choice already in the lead. *Guerine*, 198 Ill. 2d at 521, 764 N.E.2d at 61. "In most instances, the plaintiff's initial choice of forum will prevail, provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum." *Peile*, 163 Ill. 2d at 335-36, 645 N.E.2d at 190.

We will now undertake an examination of the private- and public-interest factors that apply to both interstate and intrastate *forum non conveniens* motions.

### Private-Interest Factors

■ In support of its motion to dismiss or transfer, defendant filed a 29-page motion and affidavit detailing the mileage for potential witnesses from each of their residences to each of the three fora. Defendant's affidavit listed 17 crew members as potential occurrence witnesses, representing 5 different states and 15 different counties: 7 counties in Illinois, 3 counties in Missouri, 3 counties in Kentucky, 1 county in West Virginia, and 1 county in Arkansas. While one of the witnesses lives in St. Clair County, Illinois, none of the witnesses live in either Ballard County, Kentucky, or Pulaski County, Illinois. Defendant's affidavit states that the situs of the injury is 15 miles from the Ballard County, Kentucky, courthouse, 2 miles from the Pulaski County, Illinois, courthouse, and 160 miles from the St. Clair County, Illinois, courthouse. In the recent case of *First American Bank v. Guerine*, 198 Ill. 2d 511, 764 N.E.2d 54 (2002), our supreme court held as follows:

> "[A] trial court abuses its discretion in granting an intrastate *forum non conveniens* motion to transfer venue where, as here, the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum, and no single county enjoys a predominant connection to the litigation. The balance of factors must strongly favor transfer of the case before the plaintiff can be deprived of his chosen forum." *Guerine*, 198 Ill. 2d at 526, 764 N.E.2d at 64.

We have found that the logic of this reasoning applies equally to interstate motions of *forum non conveniens*. *Gridley*, 329 Ill. App. 3d at 428, 767 N.E.2d at 902. Applying the *Guerine* holding to the instant

case—where witnesses are dispersed over 5 different states and 15 different counties—obviates the need to address specifically defendant's 29-page recitation of mileage computations. We, therefore, decline to engage " 'in a battle over minutiae' " (*Peile*, 163 Ill. 2d at 33, 645 N.E.2d at 190, quoting *Peile v. Skelgas, Inc.*, 242 Ill. App. 3d 500, 522, 610 N.E.2d 813, 829 (1993) (Lewis, J., specially concurring)).

Additionally, defendant lists nine medical care providers by affidavit: five are located in Cape Girardeau, Missouri; one in St. Louis, Missouri; two in Randolph County, Illinois; and one in Perry County, Illinois. Plaintiff lists one additional medical provider in St. Clair County, Illinois. There are no medical care providers in either Ballard County, Kentucky, or Pulaski County, Illinois. Of the 10 medical care providers listed by defendant and plaintiff, 5 are located closer to St. Clair County, Illinois, than either Ballard County or Pulaski County. Moreover, since defendant listed only the names and addresses of institutions and did not list any medical witnesses associated with these institutions, the court will not speculate regarding the need for discovery or testimony at the trial. See *Gridley*, 329 Ill. App. 3d at 426, 767 N.E.2d at 900.

Defendant has not yet listed any corporate representatives as witnesses. However, as plaintiff argues and the trial court noted in its order, the fact that defendant has chosen Parks Airport located in St. Clair County, Illinois, as a convenient place to house its corporate aircraft mitigates against defendant claiming a burden regarding the travel arrangements of these witnesses. Nor can defendant be heard to complain about plaintiff's chosen forum being inconvenient to plaintiff. See *Guerine*, 198 Ill. 2d at 518, 764 N.E.2d at 59. Defendant's argument that St. Clair County, Illinois, is inconvenient because of the inability to compel the presence of witnesses from out of state is unconvincing when only 4 of the 17 occurrence witnesses are from Kentucky. Moreover, all of the Kentucky residents are crew members of defendant's vessel, and plaintiff can compel their appearance pursuant to Supreme Court Rule 237(b) (166 Ill. 2d R. 237(b)). On balance, Illinois would have the ability to compel by subpoena power more of the listed witnesses than Kentucky would, since 7 of the 17 occurrence witnesses are from Illinois. Further, the compulsory process is equally available in St. Clair County and Pulaski County.

St. Clair County is no more inconvenient for many of the witnesses than Ballard County, Kentucky, or Pulaski County, Illinois. And because of the location of major highways and the close proximity to St. Louis Lambert International Airport, St. Clair County, Illinois, may be more conveniently accessible to the majority of witnesses— scattered over 5 states and 15 counties—than rural Ballard County,

Kentucky, or rural Pulaski County, Illinois. Defendant has failed to show that the convenience factors regarding the accessibility or availability of witnesses, and the associated costs, strongly favor a transfer to either Ballard County, Kentucky, or Pulaski County, Illinois.

The fact that the accident occurred in Ballard County, Kentucky, bears little relevance to the sources-of-proof factors. The jobsite to which defendant refers is actually a marine vessel that travels the inland waterways of the midwestern United States. As the trial court aptly noted, "[T]he site of the accident is purely fortuitous, and there would be no occasion to visit the scene." No other sources of proof are physically located in Ballard County, Kentucky, or Pulaski County, Illinois. Obtaining discovery of defendant's documentary evidence from its corporate headquarters in Monroe County, Illinois, would be more convenient to St. Clair County (an adjacent county) than either Ballard County, Kentucky, or Pulaski County, Illinois. While the five medical care providers in Cape Girardeau, Missouri (where plaintiff received his initial medical care), are closer to both Ballard County, Kentucky, and Pulaski County, Illinois, than St. Clair County, Illinois, the other five providers are closer to St. Clair County, including one of plaintiff's treating physicians, who resides in St. Clair County. Additionally, nothing in the record indicates a need to visit any of the medical care providers in order to obtain access to sources of proof. In this age of ever-increasing modes of communication that are regularly used by professionals, medical records are readily available.

It is improbable that a jury view of the vessel would be necessary. Even if a jury view were appropriate, there is no reason to believe that the vessel would any more likely be in the proximity of Ballard County, Kentucky, or Pulaski County, Illinois, than St. Clair County, Illinois, given the transient nature of the vessel's work. Regarding the issue of case complexity, we defer to the trial court's assessment: "[T]his court has tried dozens of Jones Act cases, and they are not complex litigation." In considering these other factors that make this trial easy, expeditious, and inexpensive, we do not find any factors that strongly favor a transfer.

## Public-Interest Factors

Defendant's claim that there is no significant connection between plaintiff's chosen forum, St. Clair County, Illinois, and the litigation obfuscates the distinction between the doctrines of interstate and intrastate *forum non conveniens*. As previously stated, when a court considers an interstate *forum non conveniens* motion, a plaintiff's "home forum" is that of his or her state of residence, not his county of residence within the state. See *Gridley*, 329 Ill. App. 3d at 429-30,

767 N.E.2d at 903. "[A] plaintiff who is a resident of Illinois at the time he is injured can be said to have an expectation of protection from the laws of Illinois as a citizen of the State of Illinois." *Carona v. Illinois Central Gulf R.R. Co.*, 145 Ill. App. 3d 880, 882, 495 N.E.2d 1364, 1366 (1986). Where the plaintiff's chosen forum is his or her home forum, the plaintiff's choice will be given substantial deference. *McClain v. Illinois Central Gulf R.R. Co.*, 121 Ill. 2d 278, 289, 520 N.E.2d 368, 372 (1988). As a resident of Perry County, plaintiff has a clear connection with his chosen "home forum" of Illinois. Similarly, we also find that defendant—as a corporate citizen with its principal place of business in Monroe County, Illinois—has Illinois connections. See *Skidmore v. Gateway Western Ry. Co.*, 333 Ill. App. 3d 947, 776 N.E.2d 333 (2002). The connection that the State of Kentucky has to the litigation is by virtue of the accident occurring on the Kentucky side of the Ohio River rather than the Illinois side. While characterized by the trial court as "fortuitous," this connection does provide some interest since it is the situs of the injury. We believe that the citizens of both states have an interest in resolving this dispute and that neither would be unduly burdened.

Defendant's alternative forum for transfer, Pulaski County, Illinois, bears no practical connection to the litigation under an intrastate analysis. It is neither the home county of plaintiff nor the home county of defendant, nor is it the situs of the injury. From the standpoint of a localized interest in the dispute, there is little difference between plaintiff's chosen forum of St. Clair County and defendant's choice of Pulaski County, with the exception that the trial court found that there are three potential witnesses from St. Clair County. Defendant takes exception with this finding and argues that there should be no consideration given to two of the three witnesses because the existence of those witnesses was not supported by affidavit in compliance with Supreme Court Rule 187. This rule states in part: "Such motions may be supported and opposed by affidavit. In determining issues of fact raised by affidavits, any competent evidence adduced by the parties shall also be considered." 134 Ill. 2d R. 187. While the language of the rule clearly states that the filing of affidavits is optional, the wisdom of filing affidavits in support of or opposition to factual issues raised in an affidavit cannot be overemphasized. See *Gridley*, 329 Ill. App. 3d at 429-30, 767 N.E.2d at 903. We find, however, that defendant's argument fails. Absent a transcript of the proceedings or a bystander's report (which is the appellant's duty to file if he or she desires it to be included in the report of proceedings (166 Ill. 2d R. 323(c))), we are at a loss to understand what evidence, if any, was considered by the trial judge, and we will not speculate in

that regard. Moreover, evidence is only necessary if an affidavit brings a factual issue into dispute. Because defendant's affidavit was silent on the issue of any witnesses plaintiff might call, there was no dispute regarding plaintiff's listed witnesses to be resolved by evidence.

Weighing the relevant factors, we find that none of the three fora bears a predominate connection with the litigation. *Guerine*, 198 Ill. 2d at 526, 764 N.E.2d at 64.

Defendant finally argues that the courts of St. Clair County are congested, as shown by the 32.6-month average lapse of time between the date of filing and the date of verdict for the 2,887 law cases filed in the county in 1997. Defendant contends that the courts of Ballard County, Kentucky, are much less congested because they disposed of 191 law cases in the same year. However, without knowing the average number of months between filing and verdict in Ballard County, we have no basis for meaningful comparison. Therefore, defendant's challenge to plaintiff's chosen forum on the basis of congestion is entitled to almost no weight because the evidence does not establish that the other forum's docket would facilitate a more expeditious resolution of the litigation. See *Turner v. Jarden*, 275 Ill. App. 3d 890, 898, 656 N.E.2d 1125, 1130 (1995), citing *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 499, 490 N.E.2d 694, 698 (1986). We again find it appropriate to defer to the trial court's superior position to assess any burden this case may place on its docket: "the Courts of St. Clair County are not congested, with judges, jurors, and courtrooms being available during every jury setting." See *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 568 N.E.2d 883 (1991). Defendant does not offer any argument regarding the relative congestion of Pulaski County courts.

We commend the trial court for its record evidencing careful consideration of the relevant *forum non conveniens* factors, allowing this court to make an informed decision. Under both an interstate analysis and an intrastate analysis, we hold that the convenience factors do not strongly favor either a dismissal or a transfer and that plaintiff's choice of forum should not be disturbed. Accordingly, we find that the trial court did not abuse its discretion.

## Conclusion

For the foregoing reasons, the circuit court's order denying defendant's motion to dismiss or transfer is affirmed.

Affirmed; cause remanded.

MAAG, P.J., and HOPKINS, J., concur.